423 So.2d 5 (1982)
Walter SMITH
v.
LIVINGSTON PARISH POLICE JURY, Tommy Poirrier, John E. Ashley and Robert Frank.
No. 82 CA 0091.
Court of Appeal of Louisiana, First Circuit.
November 16, 1982.
*6 Byron Magbee, Baton Rouge, for plaintiff.
Haydn Berey, Frank Koles, Livingston, for defendant.
Before EDWARDS, WATKINS and SHORTESS, JJ.
WATKINS, Judge.
This is an action brought by a landowner, Walter Smith, against the Livingston Parish Police Jury and several of his neighboring landowners seeking to recover damages caused by the drainage of sewage and septic tank fluids from the defendants' properties into ditches adjoining the plaintiff's property and also into a ditch located on the plaintiff's property. The plaintiff also seeks an injunction prohibiting the defendants from draining sewage and septic tank fluids into these ditches. The plaintiff moved for a preliminary injunction. On the date fixed for the hearing on the motion for the preliminary injunction, the Police Jury filed exceptions of no cause of action and no right of action. On that said date the hearing on the preliminary injunction and exceptions was held and the trial court rendered judgment sustaining both the exception of no cause of action and the exception *7 of no right of action, dismissing plaintiff's suit against the Police Jury and further denying plaintiff's motion for a preliminary injunction against the other defendants. From that part of the judgment sustaining the exception of no cause of action and no right of action the plaintiff appeals.[1]
The plaintiff alleges that he is a resident of Denham Springs and owns a home situated on a tract of land between Gill Road and Poirrier Lane, two streets allegedly owned and maintained by the Police Jury. Both of the roads have ditches paralleling them and bordering the plaintiff's property. The plaintiff also owns a private ditch which traverses his property and intersects with one of the parish ditches.
The neighborhood in which the plaintiff and his neighbors live is not a part of any sewerage district. In order to dispose of their sewage, the defendant neighbors built a collection line into which the sewage from the neighboring houses collects and drains. The collection line ends several feet from a culvert which runs under Poirrier Lane. The sewage crosses through the culvert under Poirrier Lane and then flows into the ditches adjoining the plaintiff's property.
The plaintiff contends that defendants, by draining sewage onto his land, have exceeded the limitations on use of property imposed by the Louisiana Civil Code, article 667, which reads as follows, and hence that he is entitled to damages and an injunction:
"Although a proprietor may do with his estate whatever he pleases, still he can not make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him."
Plaintiff also seeks damages under LSA-C.C. art. 2315, the general tort article, which reads in pertinent part as follows:
"Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."
The defendant Police Jury claims the plaintiff has not asserted a cause of action because his petition failed to "disclose any action required of or denied of the Livingston Parish Police Jury ...". The Police Jury also claims the Plaintiff has no right of action because the Police Jury "has no legal obligation to regulate sewage, waste disposal, septic tanks, etc." The trial court found the plaintiff had asserted no cause of action and also that the plaintiff had no right of action, giving as its reasons:
"The Jury is not under legal obligation to provide sewerage collection and disposal system(s) throughout the parish. If such an obligation were created it would immediately bankrupt all Police Juries in the state."
We find that the trial court was in error in sustaining the exception of no cause of action and the exception of no right of action.
The peremptory exceptions of no cause of action and no right of action are separate and distinct, each serving a particular purpose and each following particular procedural rules. LSA-C.C.P. art. 927(4) and (5).
The exception of no cause of action tests the sufficiency in law of the plaintiff's petition. It raises the issue of whether the law grants a remedy to anyone for the particular harm alleged. When an exception of no cause of action is raised, all of the pleadings of the plaintiff's petition are accepted as true and no evidence is admissible to support or defeat the exception. If evidence has incorrectly been admitted, such evidence may not be considered for purposes of sustaining an exception of no cause of action. However, where an exception of no cause of action is referred to the merits without objection, and evidence is introduced at the trial without objection, that evidence may be considered by the court in deciding the exception. See Desormeaux v. Central Industries, Inc., 333 So.2d 431 (La.App. 3d Cir.1976), writ denied 337 So.2d 225 (La.1976) and Lake Charles F.F.A.L.U. No. 561 v. City of Lake Charles, 255 So.2d 372 (La.App. 3d Cir.1971). Any doubts must be resolved in favor of the *8 sufficiency of the pleadings to state a cause of action. Gustin v. Shows, 377 So.2d 1325 (La.App. 1st Cir.1979). In the case at hand, the trial court erred in sustaining the exception of no cause of action. First, the plaintiff's petition sufficiently states a cause of action, and second, the evidence admitted on the hearing for the preliminary injunction confirmed the allegations of plaintiff's petition.
Looking only to the plaintiff's petition, we see that plaintiff alleges he owns a tract of land between Poirrier Lane and Gill Road and that the Police Jury owns and maintains those two streets and the drainage ditches adjoining the streets. The petition also alleges that sewage runs through the ditches, and causes noxious odors, hazardous waste and other pollutants which deprive the plaintiff of the use and enjoyment of his property. Petitioner prays for damages and an injunction, and the facts as alleged, if true, support either type of relief.
We find that the plaintiff's petition adequately sets forth the material facts upon which the cause of action is based, and these facts state a cause of action under LSA-C.C. arts. 667 and 2315. There was no evidence introduced to contradict the allegations of paragraph 2 of plaintiff's petition that the Police Jury owns the drainage ditches adjoining plaintiff's property, and the evidence that was introduced clearly confirmed other allegations of plaintiff's petition. Therefore, we hold the trial court erred in sustaining defendant's exception of no cause of action.
As to the exception of no right of action, we see that it raises the issue of whether the plaintiff belongs to the particular class for which the law grants a remedy, assuming the law grants a cause of action to a particular class of individuals. Gustin v. Shows, supra. The exception of no right of action does not question the plaintiff's ability to succeed in his allegations. Nor does it question the plaintiffs' actual damages. All the exception questions is whether or not the plaintiff is a member of the class to whom the law affords a remedy.
The defendants (including the Livingston Parish Police Jury) are adjoining landowners of the plaintiff. The defendants are using their property in a manner which allegedly deprives the plaintiff of the liberty of enjoying his own property and which allegedly causes damage to the plaintiff. The plaintiff, therefore, falls within the class of plaintiffs who have a remedy under LSA-C.C. arts. 667 and 2315. Accordingly, we hold the trial court erred in sustaining the defendant's exception of no right of action.
For the foregoing reasons, we reverse the judgment of the trial court sustaining the exceptions of no right of action and no cause of action filed by the Livingston Parish Police Jury, and overrule those exceptions, remanding the matter for further proceedings. Costs shall await final determination of the matter.
REVERSED AND REMANDED.
NOTES
[1] No appeal was taken from the denial of the preliminary injunction.