ALFORD, Judge.
This is an appeal from a judgment upholding defendant-appellee’s exception of no right and no cause of action in a suit filed by plaintiff-appellant for an accounting on a general damages award.
A monetary judgment was rendered in 1973 in favor of plaintiff, James Lewis, Jr., while he was a minor and living with both of his parents. As a result of the judgment, defendant, James Lewis, Sr., was awarded $3,848.95 individually and $10,000 on behalf of and as administrator of the estate of his minor child, James Lewis, Jr. Subsequent to the son reaching the age of majority, he filed this suit against his father for an accounting of the $10,000 award. After hearing the evidence, the trial judge held that defendant’s prescription exception was without merit,[1] but that *270 defendant’s exception of no cause and no right of action should be granted. We reverse and remand to the lower court for action in accordance with this judgment.
The son argues that the trial court erred in granting his father’s exception of no right and no cause of action. The peremptory exceptions of no right and no cause of action are separate and distinct, each serving a particular purpose. LSA-C.C.P. art. 927(4) and (5).
The exception of no cause of action must be overruled unless the plaintiff has no cause of action under any evidence admissible under the pleadings. The exception is triable on the allegations in the plaintiff’s petition and for the purpose of determining the issues raised by the exception, the well pleaded facts of the petition must be accepted as true. Darville v. Texaco, Inc., 447 So.2d 473 (La.1984). In the instant case, plaintiff’s petition alleges he is now the major son of the defendant, and that a 1973 judgment was rendered in the 24th Judicial District Court in favor of the plaintiff, who was then a minor, awarding the defendant $10,000, together with legal interest on behalf of and as administrator of the estate of his minor child. The son further alleges that the money was paid to his father, and that his father has refused to account for the $10,000.
Under Civil Code article 221, the father is administrator of the minor’s estate and is accountable for the estate when his administration ceases, either because the child reaches majority or is emancipated or because the parents have judicially separated. Whether the father is accountable for the property only, or for both the property and revenues, depends on whether or not the parents enjoyed legal usufruct over the minor’s estate. Parents with legal usufruct must account for the minor’s property at the end of the administration, and this duty is not lessened by the parent’s independent duty to support, maintain and educate the child under Civil Code article 227. We find that the plaintiff’s petition sets forth the material facts as a basis for a cause of action under article 221.
The exception of no right of action raises the question of whether the plaintiff belongs to the particular class for which the law grants a remedy, assuming the law grants a cause of action to a particular class of individuals. Smith v. Livingston Parish Police Jury, 423 So.2d 5 (La.App. 1st Cir.1982). In the instant case, the defendant is the one who, under article 221, is responsible for an accounting of his minor son’s property. The plaintiff is the former minor who is calling for the accounting. The plaintiff therefore falls within the class of individuals who have a remedy under article 221. Accordingly, we hold that the trial court erred in sustaining the defendant’s exception of no right and no cause of action, and we reverse that portion of the judgment.
For the foregoing reasons, we reverse the judgment of the trial court sustaining the exception of no right and no cause of action, and we remand the case to the trial court for further proceedings. Costs shall await • final determination of the matter.
REVERSED AND REMANDED.

. The trial court’s ruling on prescription was not assigned as error on appeal; therefore, this *270 holding of the lower court will not be addressed.