DOUCET, Judge.
MOTION FOR RELEASE OF PROPERTY
The defendant, Butts Sales and Service, Inc. (Butts), filed this motion for release of certain moveable equipment allegedly being held by plaintiff, Byles Welding and Tractor Inc.
Plaintiff filed suit based upon an open account against Butts as well as Howard and Gloria Butts for the sum of $84,325.00, plus interest and attorney’s fees. Plaintiff allegedly furnished parts, merchandise, and labor to the defendants during the years 1985 and 1986. Gloria and Howard Butts filed exceptions of no right of action and no cause of action. The trial court overruled the exceptions finding that Butts was a corporate entity in name only and that Byles had transacted business with Gloria and Howard Butts as individuals. Defendants then answered plaintiff’s suit generally denying the allegations. Trial on the merits occurred on January 19, 1987. The trial court found that Byles dealt exclusively with Howard and Gloria Butts, personally, and that Byles did not enter into a transaction with Butts, Inc. as a corporate entity. The trial court found that the plaintiff proved that Gloria and Howard Butts owed the plaintiff $84,325. plus interest and entered judgment accordingly. Attorney’s fees were denied. The defendants filed a suspensive appeal. This memorandum concerns the merits of defendants’ motion seeking this court to order the release of certain moveable property allegedly being held by Byles. This motion was filed on January 4, 1988.
The plaintiffs filed suit based upon open account and later filed an amended petition to allege breach of contract. They have never claimed a lien upon any property owned by defendants. The defendants did not file a reconventional demand alleging improper seizure or seek any relief regarding the property until this motion. This motion seeks this court to issue an order releasing the property being held by Byles contending that the suspensive appeal bond is sufficient to satisfy the final judgment or any liens upon the property.
The only evidence in the record concerning the equipment being held by Byles is a copy of a “Bond to Release Lien or Privilege” filed in the record on October 26, 1987. The bond was filed in County of Harris, State of Texas by Houston Lighting and Power Company. The bond alleges that Houston Lighting and Power Co. pur *1192 chased a “Tensioner” vehicle from Butts, Inc. and Butts agreed to have vehicle modified. Butts subcontracted with Byles to have the modifications performed. Byles has allegedly refused to return the vehicle to Houston Lighting and Power claiming a lien or privilege on the vehicle. Houston Lighting and Power filed the bond seeking to have the property released.
Considering the evidence, this Court does not have jurisdiction to issue an order concerning the property. See C.C.P. Art. 2, and 2088. The object of the present suit is a monetary judgment based upon an open account or breach of contract. The plaintiffs suit did not seek recognition of a lien upon the property or allege a lien upon the property. The defendants’ answer did not seek a release of the property or seek damages for wrongful seizure. The scope of defendants’ appeal is limited to modifying, revising or reversing the judgment of the trial court. C.C.P. Art. 2082. The remedy defendants are seeking is not within the authority of this court.
For these reasons the defendants’ motion is without merit and should be denied.
MOTION DENIED.