541 So.2d 992 (1989)
BYLES WELDING AND TRACTOR COMPANY, INC., Plaintiff-Appellee,
v.
BUTTS SALES AND SERVICE, INC., Howard Butts, and Gloria Butts, Defendants-Appellants.
No. 87-1351.
Court of Appeal of Louisiana, Third Circuit.
April 5, 1989.
Rehearing Denied May 4, 1989.
Writ Denied June 30, 1989.
Clauriste Byles, Many, in pro. per.
Herman L. Lawson, Mansfield, for defendants-appellants.
Before STOKER, DOUCET and KNOLL, JJ.
KNOLL, Judge.
Butts Sales and Service, Inc. (hereafter Butts Sales) and its sole shareholders, Howard and Gloria Butts, appeal an adverse judgment of the trial court which found Howard and Gloria Butts personally liable in contract for the amount of $84,325 to Byles Welding and Tractor Company, Inc. (hereafter Byles Welding) for the performance of certain fabrication work. The trial court ruled that Byles Welding dealt exclusively with Howard and Gloria Butts in their personal capacity; accordingly, since Byles Welding entered into no transactions with Butts Sales as a corporate entity, the trial court cast only Howard and Gloria Butts in judgment. Butts Sales and Service, Inc. was not mentioned in the judgment.
Butts Sales and Howard and Gloria Butts contend that the trial court erred: (1) in denying Howard and Gloria Butts' peremptory exception of no right or cause of action; (2) in denying Butts Sales' declinatory exception of improper venue; and, (3) *993 alternatively, in awarding an amount in excess of that proven at trial. We reverse and render, finding merit to the exception of no cause of action filed by Howard and Gloria Butts.

SHAREHOLDERS' PERSONAL LIABILITY
Howard and Gloria Butts contend that the trial court erred in failing to sustain their exception of no right or cause of action. They contend that Byles Welding contracted with Butts Sales, a corporate entity, separate from them as shareholders, and that they did not personally guarantee payment of the corporation's debt. After carefully reviewing the record, we agree.
The peremptory exceptions of no cause of action and no right of action are separate and distinct, each serving a particular purpose and each following particular procedural rules. Smith v. Livingston Parish Police Jury, 423 So.2d 5 (La.App. 1st Cir. 1982). In Smith at page 7 our brethren of the First Circuit stated:
"The exception of no cause of action tests the sufficiency in law of the plaintiff's petition. It raises the issue of whether the law grants a remedy to anyone for the particular harm alleged. When an exception of no cause of action is raised, all of the pleadings of the plaintiff's petition are accepted as true and no evidence is admissible to support or defeat the exception. If evidence has incorrectly been admitted, such evidence may not be considered for purposes of sustaining an exception of no cause of action. However, where an exception of no cause of action is referred to the merits without objection, and evidence is introduced at the trial without objection, and evidence may be considered by the court in deciding the exception. Any doubts must be resolved in favor of the sufficiency of the pleadings to state a cause of action.
* * * * * *
As to the exception of no right of action, we see that it raises the issue of whether the plaintiff belongs to the particular class for which the law grants a remedy, assuming the law grants a cause of action to a particular class of individuals... The exception of no right of action does not question the plaintiff's ability to succeed in his allegations. Nor does it question the plaintiffs' actual damages. All the exception questions is whether or not the plaintiff is a member of the class to whom the law affords a remedy." (Citations omitted.)
In the case sub judice Howard and Gloria Butts styled their peremptory exception as an exception of no right or cause of action, without differentiating between them. Under the code of procedure and the jurisprudence, it is clear that these two exceptions are distinct and must be urged separately. After carefully reviewing the pleadings, we find that the thrust of their exception was that Byles Welding failed to allege anything in its petition which would show that Howard and Gloria Butts personally bound themselves for the corporate debt of Butts Sales. We conclude, therefore, that the proper exception which Howard and Gloria Butts should have filed was an exception of no cause of action, and will treat their pleadings accordingly.
It is well established that a corporation has a separate and distinct existence apart from its shareholders and officers, and in the absence of fraud, the liability of a corporation is not the liability of the shareholders or the officers. LSA-R.S. 12:93; Lushute v. Diesi, 343 So.2d 1132 (La.App. 3rd Cir.1977), modified on other grounds, 354 So.2d 179 (La.1977). In Liberto v. Villard, 386 So.2d 930, at page 936 (La.App. 3rd Cir.1980), we stated:
"In a few limited situations a party can reach an individual shareholder by `piercing the corporate veil', making the individual liable for debts incurred by the corporation. This can be done when a shareholder practices fraud upon a third person through the corporation or disregards the corporate entity to such an extent that the individualities of the corporation and shareholder cease to exist; the corporation no longer exists as an individual distinguishable from the shareholder. When a party seeks to pierce the *994 corporate veil, the situation must be viewed with regard to the totality of the circumstances. Whether individual liability will be assigned to shareholders is primarily a factual finding to be made by the trial court. In Louisiana the concept of the corporation as a separate entity is felt to be beneficial and is disregarded only in exceptional circumstances." (Citations omitted.)
Our review of the jurisprudence indicates various instances where shareholders were found liable for corporate debts. In Hebert v. Wiegand, 207 So.2d 882 (La.App. 4th Cir.1968), the corporate veil was successfully pierced because no corporate records were kept, there were no bylaws, resolutions or minutes, and there were no separate bank accounts. In Lindstrom v. Sauer, 166 So. 636 (La.App.Orl.Cir.1936), the personal wrongdoings of the sole shareholder was the basis for finding personal liability. In Bossier Millwork & Supply Co. v. D. & R. Const. Co., Inc., 245 So.2d 414 (La.App. 2nd Cir.1971), the basis of finding shareholder liability was a finding of fraud and deceit by the shareholders.
Turning now to the case at hand, we find that Byles Weldings' petition alleged no fraud, and simply named Howard and Gloria Butts as parties defendant with Butts Sales without alleging any actions on their part to personally bind them for the corporation's debts.
Byles Welding relies upon the fact that as the sole shareholders and employees of Butts Sales, Howard and Gloria Butts exercised complete control over the corporation and at all times it conducted business with them individually. Howard and Gloria Butts testified that they carefully complied with their accountant's directions in forming their corporation and followed the formalities of the corporation when transacting business on behalf of the corporation. They had a corporate charter, filed the necessary reporting documents yearly to the state from 1981 through 1986, filed separate income taxes for the corporation and themselves with the state and federal governments, held meetings yearly to elect directors and to authorize loans from banking institutions as the need arose, as well as to authorize the formalization of contracts, and maintained separate bank accounts for the corporation and themselves. Purchase orders were consistently made in the corporate name, and corporate checks were used to pay its bills. Gloria Butts testified that the corporate books were maintained since the inception of the corporation, and that the various corporate resolutions were typed and added to the minute books soon after the resolutions were adopted. This evidence is not rebutted.
Byles Welding argues that it dealt solely with Howard and Gloria Butts. The record bears out that Butts Sales is a closely held corporation, and that corporate certificates for 51 shares of stock were issued to Gloria Butts and 49 shares to Howard Butts. It further shows that Gloria Butts is Butts Sales' sole employee, and that Howard Butts functions as its primary salesperson. The fact that one owns a majority of the stock, or in this case where two individuals own all of the corporate stock, in a corporation does not of itself make him liable for corporate debts. Texas Industries, Inc. v. Dupuy & Dupuy Developers, Inc., 227 So.2d 265 (La.App. 2nd Cir.1969). The nature of the closely held corporation at issue herein necessitates that the corporate business would be conducted by Howard and Gloria Butts. In that regard it is of no moment that Byles Welding dealt with Howard and Gloria Butts because Howard and Gloria Butts were the sole shareholders of Butts Sales and were respectively, its only salesperson and employee. Likewise, Byles Welding's testimony of any indebtedness to it should they die is insufficient to establish by a preponderance of the evidence that Howard and Gloria Butts were personally liable for Butts Sales' indebtedness.
Accordingly, we find that the trial court erred in failing to sustain Howard and Gloria Butts' peremptory exception of no cause of action filed prior to trial, and then again when the exception was re-urged at the end of trial after the corporate records of Butts Sales were introduced into evidence. *995 Therefore, for these reasons, we find Howard and Gloria Butts were improperly cast in judgment to Byles Welding.
Furthermore, we need not reach the questions raised concerning Butts Sales being sued in an improper venue and that the trial court awarded more damages than were proven at trial. In its reasons for judgment, the trial court stated, "Byles Welding and Tractor Company, Inc. dealt exclusively with Howard H. Butts and Gloria Butts, personally, who were sometimes doing business as Butts Sales and Services, Inc., but that petitioner [Byles Welding] entered into no transaction with Butts Sales and Services, Inc., as a corporate entity." From the trial court's written reasons for judgment it is evident that Butts Sales was not found liable to Byles Welding, and for that reason it was not cast as a party liable in the judgment appealed. Even though we have determined that the trial court erred with regard to Howard and Gloria Butts' liability, since Butts Sales was not cast in the trial court judgment and Byles Welding has neither answered the appeal nor independently appealed contending the trial court erred in this regard, these issues need not be determined.
For the foregoing reasons, the judgment finding Howard Butts and Gloria Butts liable to Byles Welding & Tractor Co., Inc. for $84,520 is reversed and set aside, and IT IS ORDERED, ADJUDGED AND DECREED that the claims of Byles Welding & Tractor Co., Inc. against Howard Butts and Gloria Butts are dismissed for a failure to state a cause of action. Costs of trial and this appeal are assessed to Byles Welding & Tractor Co., Inc.
REVERSED AND RENDERED.