578 So.2d 246 (1991)
BYLES WELDING AND TRACTOR COMPANY, INC., Plaintiff-Appellee,
v.
BUTTS SALES AND SERVICE, INC., Defendant-Appellant, and
Howard Butts and Gloria Butts, Defendants.
No. 89-1115.
Court of Appeal of Louisiana, Third Circuit.
April 17, 1991.
*247 Kenneth N. Simmons, Many, for plaintiff-appellee.
Herman Lawson, Mansfield, for defendant-appellant.
Before DOMENGEAUX, C.J., and DOUCET and LABORDE, JJ.
DOMENGEAUX, Chief Judge.
Byles Welding and Tractor Company, Inc., filed suit against Butts Sales and Service, Inc. (Butts Sales), Howard Butts, and Gloria Butts to recover $84,325.02, plus interest and costs for parts, merchandise, supplies, and labor sold and furnished to Butts Sales by Byles Welding in 1985 and 1986. Howard and Gloria Butts filed an exception of no cause of action which was overruled, and the matter proceeded to trial. Judgment was rendered in favor of Byles Welding and against Howard and *248 Gloria Butts individually. The Buttses appealed that judgment and we reversed, finding no basis for personal liability on the part of the two shareholders. See Byles Welding and Tractor Company, Inc. v. Butts Sales and Service, Inc., 541 So.2d 992 (La.App. 3d Cir.1989), writ denied, 546 So.2d 1224 (La.1989).[1]
Subsequent to our decision in the previous appeal, Byles Welding filed in the trial court a rule to show cause why judgment should not be rendered against Butts Sales and Service, Inc. After a contradictory hearing, the trial judge rendered judgment against Butts Sales noting that no judgment had been rendered against or in favor of Butts Sales up to that point. The validity of that ruling is now before this Court.
We note at the outset that Butts Sales is a closely held corporation with two employees, Howard and Gloria Butts. Howard and Gloria Butts serve as the only directors of the corporation and are its only shareholders. Generally, a corporation is a distinct entity separate from its shareholders, who are not liable for debts contracted by the corporation in the absence of fraud or disregard of the corporate entity. Hight Enterprises, Inc. v. Smith and Johnson (Shipping), Inc., 421 So.2d 267 (La.App. 4th Cir.1982), writ denied, 427 So.2d 1206 (La.1983). In our previous decision rendered in this case, we found no evidence of fraud or disregard for the corporate entity on the part of Howard and Gloria Butts. We did not render a decision concerning Butts Sales because that party was not properly before us.

JURISDICTION
In determining whether the trial court was correct in rendering judgment against Butts Sales, the first question we must address is whether the trial court retained jurisdiction over Butts Sales during the pendency of Howard and Gloria Butts' appeal. According to La.C.C.P. art. 2088, the trial court retains jurisdiction over matters not reviewable under a prior appeal. An example of this provision would be a situation wherein summary judgment is granted in favor of one defendant, and while that judgment is on appeal, another defendant may be dismissed on summary judgment. See Boudreaux v. Pipe Line Technologists, Inc., 426 So.2d 747 (La.App. 3d Cir.1983).
Similarly, in the case before us, Howard and Gloria Butts appealed a judgment rendered against them. Butts Sales was a separate defendant against whom no judgment had been rendered. No matter involving Butts Sales was reviewable by the appellate court in the first appeal as we noted in our prior opinion. Therefore, because of the peculiar circumstances of this case, the trial court was not divested of jurisdiction over Butts Sales.

PROCEDURE
The second question before us is whether the trial judge followed the correct procedural requirements in rendering judgment against Butts Sales. Byles Welding filed a "Motion for Hearing" which was essentially a rule to show cause. A contradictory hearing was conducted with both parties represented by counsel. The requirements of La.C.C.P. art. 963 were met.

RES JUDICATA
We next consider Butts Sales' objection of res judicata. Butts Sales argues on appeal that the judgment rendered by this Court on April 5, 1989 (our prior opinion) is a final determination of the rights and liabilities of all parties to the suit. We disagree. To the extent that no judgment was rendered against Butts Sales by the trial court and Butts Sales was not a party to the prior proceedings in this Court, no final determination has been made concerning the rights or liabilities of Butts Sales.
The problem presented by this appeal is the trial court's belief that Butts Sales was not a legal entity separate and distinct from Howard and Gloria Butts. This factual *249 finding was articulated by the trial judge in his reasons for ruling on Howard and Gloria Butts' exception of no cause of action. This factual finding was the basis for the trial court's failure to render judgment against Butts Sales. We, however, reversed that factual finding, and in effect, reinstated the presence of a party the trial judge had previously described as a nonentity.
We believe the trial judge's factual findings are immaterial to this procedural backdrop; the simple fact is that no judgment was ever rendered against or in favor of Butts Sales. In State ex rel. Puritan Co. v. City of New Orleans, 169 La. 365, 125 So. 273 (1929), on rehearing, the Supreme Court stated:
However, the reasons that prompt the rendering of a decree do not form part of the decree, and it is the decree only that may be set up as res judicata. As was correctly said in West Feliciana Railroad Co. v. Thornton, 12 La.Ann. 736, 68 Am.Dec. 778: "In no court with whose jurisprudence we are conversant, do the reasons for judgment form an integral part of the judgment itself. The opinion of the court is but an exposition of the motives upon which its decree is based."
125 So. at 277.
In Sewell v. Argonaut Southwest Insurance Co., 362 So.2d 758 (La.1978), the plaintiff filed a worker's compensation suit seeking weekly compensation benefits and medical expenses. The plaintiff neglected to submit evidence at trial in support of her claim for medical expenses, but it was obvious from the record that extensive treatment had been required. Weekly benefits were awarded but the judgment was silent as to medical expenses. The insurer appealed, and the plaintiff neither appealed nor answered the appeal. The plaintiff then filed suit for unpaid medical expenses and the trial court granted same.
The Supreme Court reviewed the record and overruled the plea of res judicata under the particular facts presented. The Supreme Court noted:
It is evident from a decree which expressly grants or rejects a thing demanded that the matter has been adjudged. A demand may also be impliedly rejected by the silence of a judgment which fails to grant the demand, provided that the matter has been actually litigated and finally adjudged so that it became an "object of the judgment." La.Civ.Code art. 2286. Thus, when a litigant interposes a plea of res judicata, the court must examine not only the pleadings but also the entire record in the first suit, to determine whether the availability of the particular form of relief sought in the second suit was actually ruled upon.
362 So.2d at 760. The Sewell court also noted that particular concern must be exercised in worker's compensation suits. Although the case before us does not warrant the same special consideration required in a worker's compensation suit, the case does present unusual facts which require attention. First, it was stipulated and agreed among the parties that a certain sum of money was owed to Byles Welding by Butts Sales or Howard and Gloria Butts. Byles Welding initially sued for $84,325.02; however, at the time of trial, Byles Welding acknowledged that a portion of the amount due had been paid and the debt had been reduced to just over $60,000.00. The Butts parties admitted a debt was owed but contended it was only $21,000.00. In any event, the parties agreed the plaintiff was entitled to some relief. Additionally, we have considered the fact that Byles Welding was not represented by counsel in the trial court proceedings nor in the prior appeal. While declining to comment on the wisdom of self-representation, we do believe that when circumstances necessitate, the absence of counsel may be a factor in our consideration.
In Diefenthal v. Longue Vue Management Corp., 561 So.2d 44 (La.1990), the Supreme Court discussed a similar situation to that in Sewell. The plaintiffs alleged, among other things, that the defendant's conduct constituted a nuisance. The plaintiffs were granted relief on other grounds by the trial court, and the nuisance claim was not addressed. When the plaintiffs raised the nuisance claim later, *250 the defendant argued the nuisance claim was waived when the plaintiffs failed to appeal or answer the defendant's appeal. The Supreme Court noted that because the trial court granted relief to the plaintiffs on other grounds, they were not obliged to answer defendant's appeal since they did not seek to have the judgment modified, revised or reversed in part in accordance with La.C.C.P. art. 2133. Just as the medical expenses claim in Sewell was still viable, the Diefenthal plaintiffs' nuisance claim was found to still be viable. Likewise, in the case before us, Byles Welding's claim against Butts Sales was still viable at the time Byles Welding filed its rule in the trial court.

VENUE
In addition to its defense of res judicata, Butts Sales contends the trial court erred in failing to maintain its exception of improper venue in the proceedings below. According to La.C.C.P. art. 42, a domestic corporation shall be sued in the parish where its registered office is located. Butts Sales presented evidence that its registered office is located in Caddo Parish, yet suit was brought in Sabine Parish.
Nonetheless, the venue exception articulated in La.C.C.P. art. 77 renders Sabine Parish a parish of proper venue in this case. Butts Sales conducted business with Byles Welding in Sabine Parish, and the office which supervised that business was located in Sabine Parish. Therefore, the trial judge properly overruled Butts Sales' exception of improper venue.

AMOUNT DUE
The final issue before us is the correctness of the money judgment in favor of Byles Welding in the amount of $84,325.02. Given the stipulations in the record concerning the amount owed at the time of trial, we find the trial court's award was clearly erroneous.
The petition filed by Byles Welding shows an amount due of $84,325.02. Attached to the plaintiff's petition were invoices totalling $73,050.84. At trial, the accountant for Byles Welding testified, and various invoices, ledger sheets and other records were submitted into evidence. The ledger sheets show that of the $73,050.84 balance included in the invoices attached to the petition, only $64,488.29 was actually owed. But in support of the $84,325.02 figure, additional invoices totalling $17,235.51 were submitted and an interest charge of $2,601.22 was indicated. The accountant also testified to certain payments made by Butts Sales totalling $22,089.51 and a credit in the amount of $555.00 owed to Butts Sales.
After reviewing the exhibits and testimony in the record, we find Byles Welding is entitled to the sum of $61,680.51, with interest and costs, based on the following calculation:

$ 64,488.29
 17,235.51
 + 2,601.22
___________
 84,325.02
 -22,644.51
___________
$ 61,680.51

We do not find sufficient evidence of further credits due Butts Sales.

DECREE
For the foregoing reasons, the judgment of the trial court is amended, and as amended, affirmed. Judgment is rendered in favor of plaintiff, Byles Welding and Tractor Company, Inc., and against the defendant, Butts Sales and Service, Inc., in the sum of $61,680.51, together with legal interest from judicial demand until paid, and all costs of these proceedings.
AFFIRMED, AS AMENDED.
NOTES
[1] See also Byles Welding and Tractor Co., Inc. v. Butts Sales and Service, Inc., 520 So.2d 1190 (La.App. 3d Cir.1988), which arose from the same facts but concerned the release of movable property.