United States Court of Appeals,

For the Fifth Circuit.

No. 92-3907

Summary Calendar.

Seth E. KEENER, Jr., Plaintiff-Appellant,

v.

GENERAL MOTORS CORPORATION, and Royal Insurance Company of America, Defendants-Appellees.

June 11, 1993.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before HIGGINBOTHAM, SMITH, and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

BACKGROUND

On June 12, 1991, Seth E. Keener, Jr. ("Keener") was driving a 1986 Chevrolet half ton diesel pickup truck in Baton Rouge Parish, Louisiana, when the vehicle's steering wheel sector pulled loose from its frame causing injuries to Keener's back as he attempted to gain control of the vehicle. On May 21, 1992, Keener filed suit in the Civil District Court of the State of Louisiana for the Parish of Orleans (the State Court) against General Motors Corporation ("General Motors") and Royal Insurance Company of American ("Royal"), the liability insurer for General Motors, alleging that defects in the design and/or manufacturer of the steering column caused his injuries. Service of citation in the State Court suit was accomplished on General Motors by serving CT Corporation, the designated agent of General Motors for service of process, on July 7, 1992, at the offices of CT Corporation in Orleans Parish. Service of process was accomplished on Royal by serving the Secretary of State of Louisiana on July 9, 1992, at the offices of the Secretary of State in the Parish of East Baton Rouge, Louisiana. On July 28, 1992, both General Motors and Royal filed in the State Court a declinatory exception of improper venue and peremptory exception of prescription. On July 30, 1992, both General Motors and Royal filed a notice of removal of the State Court action with the U.S. District Court for the Eastern District of Louisiana at New Orleans (the District Court) on the

grounds that there was complete diversity of citizenship and more than $50,000 in controversy. On August 4, 1992, General Motors and Royal filed an amended notice of removal in the District Court. On August 17, Keener filed in the District Court a memorandum in opposition to the exception of improper venue and peremptory exception of prescription, and on September 18, 1992, General Motors and Royal filed in the District Court their motion for summary judgment, a memorandum in support thereof, and a statement of uncontested material facts. On October 5, 1992, Keener filed a memorandum in opposition to defendants' motion for summary judgment and a statement of contested issues of material fact. The District Court took up consideration of the motion for summary judgment without any hearing or oral argument, and on October 19, 1992, entered a judgment "dismissing plaintiff's suit" and filed a supporting order and reasons for such summary judgment.

## OPINION

It is clear under Louisiana Law that the liberative prescription period for a cause of action such as asserted by Keener herein is one year; and that the prescriptive period commences to run from the day injury or damage is sustained. La.Civ.Code Art. 3492. Likewise it is clear under Louisiana Law that the prescriptive period is interrupted "when the obligee commences action against the obligor, in a court of competent jurisdiction and venue"; and that if an action is commenced "in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period." La.Civ.Code Ann. Art. 3462. It is undisputed that Keener's State Court suit was filed within the prescriptive period; but neither General Motors nor Royal were served with process during the prescriptive period. While it may or may not be material, Keener asserts in his summary judgment memorandum that on the date of filing of his State Court suit he paid the sheriff the fees required for effecting service of process against the defendants but "plaintiff's petition for damages was not delivered by the clerk of court to the civil sheriff's office until July 6, 1992" which was of course after the expiration of the prescriptive period. It is not disputed that the State Court in Orleans Parish was a court of competent jurisdiction for Keener's law suit; but there is considerable dispute between the parties as to whether Orleans Parish was "an improper venue" for

the State Court suit within the meaning of Article 3462.

The general rules for venue under Louisiana Law are set forth in Article 42 of the Code of Civil Procedure which specifies where an action against the various categories of defendants described in the subparagraphs thereof must be brought. The subparagraphs pertinent to this case read as follows:

> (4) A foreign corporation licensed to do business in this state shall be brought in the parish where its primary place of business in the state is located or in the parish designated as its principal business establishment in its application to do business in the state.[1]

> (7) A foreign or alien insurer shall be brought in the parish of East Baton Rouge.

The general rules of venue provided in Article 42 are subject to the exceptions provided in Articles 71 through 85, and otherwise as provided by law. La.Code Civ. Proc. Art. 43. The pertinent exception in this case is Article 73 which specifies that an action against joint or solidary obligors may be brought in a parish of proper venue, under Article 42 only, as to any obligor who is made a defendant. It is uncontested that the allegations of Keener's State Court petition sufficiently allege "*in solido*" liability between General Motors and Royal; and therefore venue would be proper as to both General Motors and Royal if venue is proper as to either one of them. The proper venue as to Royal is fixed by statute as being East Baton Rouge Parish, which is obviously not the parish where the State Court action was initially filed. Therefore, the propriety of venue of Keener's State Court action must be determined by whether or not Orleans Parish was a proper venue for an action against General Motors.

We could find no Louisiana cases interpreting the concept of "primary place of business in the State" as added to Article 42(4) by the amendment in 1990.[2] In our view the plain language of subparagraph (4) states that there are two parishes where venue would be proper against a foreign corporation: First, the parish "where its primary place of business in the state is located", or secondly,

---

[1]Prior to its amendment in 1990 subparagraph (4) read as follows: "(4) A foreign corporation licensed to do business in this state shall be brought in the parish where its principal business establishment in the state is located, as designated in its application to do business in the state;"

[2]*Spott v. Otis Elevator Co.,* 601 So.2d 1355 (La.1992) was decided after the amendment of Art. 42(4) in 1990 but did not address the meaning of "primary place of business".

"the parish designated as its principal business establishment in its application to do business in the state."  By amending subparagraph (4) in 1990, the Louisiana Legislature obviously intended for the phrase "primary place of business" to mean something different from "principal business establishment in its application to do business in the state";  otherwise there would have been no necessity for the amendment.  The only evidence tendered by General Motors and Royal in support of their contention that Orleans Parish was not a proper venue for the action against General Motors, was a certificate from the Secretary of State of Louisiana dated July 21, 1992, which certifies that General Motors filed an application for Certificate of Authority in the Secretary of State's office on December 29, 1941, that no Certificate of Withdrawal has been issued;  and that "the records of this office indicate the *principal business establishment* in Louisiana is Industrial Park, City of Shreveport, Parish of Caddo, State of Louisiana, 71130."  (Emphasis added)  Nothing in the certificate from the Secretary of State's office speaks to the "primary place of business" of General Motors.  In their statement of uncontested material facts General Motors and Royal stated:

> (4) General Motors Corporation is a Delaware corporation whose *principal place of business within Louisiana* is Caddo Parish.  (Emphasis added)

In their memorandum in support of their motion for summary judgment, General Motors and Royal state:

> Under La.C.C.P. Art. 42(4) General Motors' *primary place of business* in the state is Caddo Parish.  *See* Exhibit 1 evidencing the fact that Caddo Parish is designated as General Motors *principal business establishment* in its application to do business in the state.  (Emphasis added)

In several other places in their memorandum, General Motors and Royal use the phrase, "principal place of business" as the defining terms where a corporation may be sued.  In effect therefore, General Motors and Royal contend that the two separate parts of Article 42(4) should be treated as one and the same definition;  and utilize parts of each definition to come up with the blended term of "principal place of business" as the relevant test.  We do not agree with this construction of Article 42(4).  We think the two parts of subparagraph (4) are separate and distinct; and the mere fact that General Motors designated Caddo Parish as where its "principal business establishment" is located does not constitute proof that Caddo Parish is also its "primary place of

business" in Louisiana.

Likewise, we think the District court misinterpreted Article 42(4) in its "order and reasons" filed in support of its judgement. The District Court clearly and expressly deals with the part of Article 42(4) relating to the principal business establishment of the corporation as designated in its application to do business, but nowhere does the court address the first part of Article 42(4) relating to the "primary place of business in the state." In effect the court reads Article 42(4) as it was prior to the 1990 amendment and determines that Caddo Parish is the only proper venue for a suit against General Motors because "General Motors designated Caddo Parish as its principal business establishment in its 1941 application to do business in Louisiana."

In his statement of Contested Issues of Material Fact, Keener stated:

1. Orleans Parish is the primary place of business of General Motors Corporation. We find no affidavit or other summary judgment evidence which addresses the factual issues of (i) whether or not General Motors had an office of any kind in Orleans Parish, and (ii) if it did, whether that office was the primary place of business of General Motors in Louisiana.

If the issue and remedy before the court were change of venue under Louisiana law, the burden of proof would be on Keener to show proper venue in Orleans Parish. That issue and remedy has been mooted by the election of General Motors and Royal to remove the case to the District court. The real remedy before the court is dismissal because of prescription; and in that context, the critical issue is "improper venue" in Orleans Parish, as to which the burden of proof falls on General Motors and Royal because it is an essential element of the relief they seek.

We conclude therefore, that the trial judge erred in granting summary judgment to General Motors and Royal on the grounds of prescription when the key element of the impropriety of venue was contested and unresolved by the summary judgment evidence.

Since the subject may well come up again on remand, we take this occasion to indicate some preliminary thoughts on what constitutes a "primary place of business." Keener made the argument that Orleans Parish should be considered to be the "primary place of business" of General Motors because the office of CT Corporation, its designated agent for service of process, was located in

Orleans Parish.  Keener also inferred that the "registered office" of General Motors was the office of CT Corporation in Orleans Parish;  but there is no express indication of that in the record.  Other subparagraphs of Article 42 clearly indicate that the Louisiana Legislature knows how to refer to either the "registered office" or the "office of the registered agent" of a corporation, and none of those words were used in subparagraph (4).  Consequently we doubt that the mere fact the office of the registered agent was in Orleans Parish or that the "registered office" of General Motors was in Orleans Parish would be sufficient by themselves to establish that Orleans Parish was where the "primary place of business" of General Motors is located.

Accordingly, we REVERSE and REMAND this cause to the trial court for further proceedings consistent herewith.