JONES, Judge.
On application of Joel and Sally Resler, we grant this request to consider the validity of a judgment of the trial court maintaining an exception of improper venue filed by the respondent, Sub Sea International, Inc. Having reviewed the relevant portions of the evidentiary hearing on the exception and the briefs of the parties, we affirm the judgment of the trial court.
FACTS
In August, 1992, relators Joel and Sally Resler, residents of Jefferson Parish filed a petition for damages in Orleans Parish against Sub Sea International, Inc. and its insurer. In the petition, relators alleged that Joel Resler was injured in February, 1992, while employed by Sub Sea. Relators further alleged that Sub Sea was a corporation licensed to do business in the State, with its agent for service of process located in Or *457 leans Parish and with “its principal business establishment listed in Orleans Parish in its application to do business in this state.”
In response to the petition, the respondent filed an exception of improper venue. The exception was initially overruled because of a finding by the trial judge that the exception had been waived. This court denied the respondent’s writ application seeking a review of that ruling. The Supreme Court disagreed with this court’s disposition of the writ, granted the respondent’s writ, and remanded the case for the trial court to address the merits of the exception.
A different trial judge held an evidentiary hearing and subsequently maintained the respondent’s exception of improper venue. Re-lators then filed this writ application. This court previously denied the writ and declined to exercise supervisory jurisdiction. The re-lators pursued the matter before the Supreme Court. The Supreme Court granted the relators’ writ application and remanded the case to this court with instructions to render a judgement on the merits of the writ application, 620 So.2d 1328.
A review of the evidence adduced at the hearing on the exception reveals that the respondent presented testimony and documents to substantiate a finding that it no longer had its primary place of business in Orleans Parish. Rather, as of the end of June, 1991, the actual movement of the respondent’s physical facilities from Orleans Parish to Plaquemines Parish had been completed. Thus, at the time that the relators’ cause of action arose and prior to the institution of this litigation against the respondent, the respondent’s primary place of business was actually located in Belle Chasse, Louisiana, which is located in Plaquemines Parish. The evidence adduced at the hearing also established that the Secretary of State had been advised of the change in the respondent’s change of its primary place of business in May, 1991 when the defendant noted the change in its annual report.
DISCUSSION AND LAW
Relators’ sole argument to this court is that the trial court erred in maintaining the exception of improper venue because the respondent never properly changed its principal business establishment, thus pursuant to La.C.C.P. article 42(4), venue was proper in Orleans Parish.
La.C.C.P article 42(4) provides that an action against a “foreign corporation licensed to do business in this state shall be brought in the parish where its primary place of business in the state is located or in the parish designated as its principal business establishment in its application to do business in the state.”
Relators argue that since the respondent had designated New Orleans as its principal business establishment in its application to do business in this state and had never properly changed the designation of its principal business establishment, venue of the action was proper in Orleans Parish. Respondent maintains that it effectively changed its principal business establishment when it filed its 1990 annual report with the Secretary of State in May, 1991.
Relying on La.R.S. 12:307, the rela-tors argue that in order to effectuate a change in its principal business establishment the respondent was required to file an amended application for authority to transact business in the state. We disagree. Pursuant to La.R.S. 12:307 a foreign corporation is not required to amend its certificate of authority in order to change its principal business establishment, rather an amendment is mandatory only to change its corporate name and/or if it proposes to transact business in the state other than that set forth in its prior application. While it is possible to change the principal business establishment in an amended application, there is nothing in the statute that mandates that a foreign corporation must file an amended application every time it desires to change the address of its principal business establishment. Thus, the fact that the respondent did not amend its Certificate of Authority to reflect the contested change has no legal significance.
Having reviewed the various sections of title 12 of the revised statutes, we conclude that the designation of one’s principal business establishment can be changed by utilizing any of several methods. See La.R.S. *458 12:807, La.R.S. 12:308(B), La.R.S. 12:304(A)10 and La.R.S. 12:309(A)6.
La.R.S. 12:308(B) allows a foreign corporation to change its principal business establishment by filing a statement with the Secretary of State. However, we agree with the relators that the respondent did not comply with the provisions of La.R.S. 12:308(B) to change its principal business establishment because that provision requires that the statement filed with the Secretary must be signed by the president or vice-president of the foreign corporation. The annual report filed by the respondent to change the principal business establishment was not signed by the president or vice-president of Sub Sea; rather, it was signed by the comptroller. Nor do we believe that the provisions of La.R.S. 12:304A(10) are applicable since that section would only apply to corporations which failed to supply a designation for its principal business establishment. Clearly Sub Sea had designated New Orleans as the place where its principal business establishment was located.
Pursuant to the provisions of La.R.S. 12:309, the annual report is the recognized document for reporting certain status changes for a foreign corporation. Pursuant to La.R.S. 12:309(A)(6), one of the items to be included in the annual report is “The municipal address of its principal business establishment in this state, if changed since its last previous annual report.” Based on our reading of this provision, we conclude that designation of the principal business establishment can be accomplished by noting the change in the annual report. It is not seriously disputed that the Secretary of State accepted the change, as reported on the annual report. By letter dated July 23, 1992, Mr. Burglass, an employee of Sub Sea International Inc. was advised of the fact that the principal office for Sub Sea, on file with the Secretary of State, was 701 Engineers Road in Belle Chasse, LA 70037. Thus, although the respondent had originally designated Orleans Parish as its principal business office in its original application to do business in the state, it effectively changed the designation by filing its 1990 annual report listing Belle Chasse as the place where its primary business establishment was located.
By making a written declaration in its annual report filed in May of 1991, the respondent properly notified the Secretary of State and the general public of its intent to change its principal business establishment. Accordingly, considering the merits of the defendant’s exception, the judgment of the trial court maintaining the respondents’ exception of improper venue and transferring the relators’ action to the 25th Judicial District Court for the Parish of Plaquemines is correct.
For these reasons, the judgment of the trial court is affirmed.

WRIT GRANTED, JUDGMENT AFFIRMED