JiCIACCIO, Judge.
This is an appeal of a judgment of the trial court maintaining defendants’ exception of improper venue and dismissing plaintiffs suit. For the reasons stated herein, we reverse the judgment of the trial court and remand for further proceedings.
*801 FACTS AND PROCEDURE
On January 23, 1993, while working on a construction job for Dr. Philip Loria in Jefferson Parish, Roy Wells was injured by a pneumatic nail gun known as a Paslode “Pa-teneed” which was furnished to him by Dr. Loria. Wells contends that the nail gun discharged a nail into his knee without being activated by him. As alleged in the petition, the nail gun had been discharging nails without activation prior to the date of the accident and Dr. Loria took it to R.J. Marchand Contractors Specialties, Inc. (Marchand) for repairs. Marchand completed the repairs and returned the nail gun to Dr. Loria.
Wells, a resident of Orleans Parish, filed suit on January 13, 1994, in Orleans Parish against Marchand for negligent repair of the nail gun. Marchand’s agent for service of process and its principal place of business are located in Jefferson Parish. Wells served Marchand in Jefferson Parish through its agent for service of process.
Wells also filed suit in Orleans Parish against the following corporations: Illinois Tool Works Company (referred to as ITW), ITW Paslode, Paslode, and Signode Corporation alleging that the production and manufacture of the nail gun was under their exclusive control and management. Wells claimed that each of the foreign corporations were _[2doing business in Orleans Parish and had a principal place of business in Orleans Parish. He requested that service be made on Sig-node and ITW through their agent for service of process: CT Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809. On January 19, 1994, Wells filed a substantially identical petition in Jefferson Parish, but withheld service on all defendants.
Marchand filed a declinatory exception of improper venue and lis pendens on February 14, 1994. Marchand contended that both its domicile and agent for service of process were located in Jefferson Parish and that it does not maintain a principal place of business nor a registered agent for service of process in Orleans Parish. Therefore, according to Marchand, Orleans Parish could not be a proper venue for this lawsuit.
The foreign corporations filed exceptions of improper venue and lis pendens in the Orleans Parish suit on February 14, 1994 as well. The lower court sustained the exception of improper venue without reasons, dismissing the lawsuit against the defendants, ITW, Signode, Paslode, and I.T.W. Paslode. The court apparently did not rule on either of the lis pendens exceptions made by defendants or on the venue exception filed by Marchand. Wells then brought this appeal alleging error by the lower court.
The foreign corporation defendants in this case attempted to change the location of their principal business establishment in February, 1993 shortly after this accident occurred. On January 19, 1993, defendants’ registered agent for service of process, CT Corporation, gave notice to the Secretary of State that their previous address at 601 Poy-dras Street in New Orleans would be changed effective February 1, 1993 to 8550 United Plaza Boulevard, Baton Rouge, Louisiana.
13At the trial on the exceptions, the defendants offered evidence which showed that Signode and Paslode are subsidiary corporations of Illinois Tool Works Inc., and that none of the corporations maintain an office of any kind in Orleans Parish. This information was offered in an affidavit given on March 23,1994 by Frederick N. Bates, Assistant General Counsel and Assistant Secretary of ITW. The qualification documents filed by Signode and by ITW with the Louisiana Secretary of State were also offered into evidence. Included with the documents was a letter sent by the respective officers of ITW and Signode to the Secretary of State on June 27, 1994 correcting the address of their principal business establishment on their annual reports.
The record shows that ITW’s annual report for the period ending March 6, 1994 listed their principal business establishment at 601 Poydras Street, New Orleans, LA 70130. Signode filed an annual report for the period ending October 20,1993 listing the same information as their principal business establishment. According to their letter of June 27, 1994 to the Secretary of State, the correct designation of their principal busi *802 ness establishment as of February 1, 1993 was actually 8550 United Plaza Boulevard, Baton Rouge, LA 70809.
In opposing the venue exception, Wells offered certified copies of the annual reports for ITW and Signode wherein the principal business establishment was listed as 601 Poy-dras Street, New Orleans. The copies were certified from the records in the Louisiana Secretary of State’s office on March 29,1994. The report for ITW had been filed on March 1, 1994. The report for Signode was filed on September 3, 1993. The error in this report was not brought to the attention of the Secretary of State’s office Runtil June of 1994, long after this lawsuit was filed. In fact, the corrections were filed less than a month before the trial of the venue exception. The plaintiff also offered a communication from the Secretary of State’s office dated March 16, 1994 in which the principal office of ITW is listed in New Orleans. The same communication also lists the office of ITW’s agent for service and its registered office in Louisiana as Baton Rouge.
DISCUSSION
In ruling first on the issue of the effective date of the change in location of the foreign corporations’ principal business establishment, the decision in Resler v. Sub Sea International, Inc., 624 So.2d 456 (La.App. 4th Cir.1993) is instructive. The core of the controversy in Resler was whether a change made in the location of the principal business establishment was validly made. The plaintiff contended that Sub Sea International was required to amend its application for authority to transact business in the state rather than simply reporting the change in its annual report. However, the Resler court concluded that there were several methods which could be utilized to change one’s principal business establishment, and designating the change in the annual report filed with the Secretary of State was one of the permissible methods. Resler, 624 So.2d at 457-458. See La.R.S. 12:309(A)(6).
La.R.S. 12:308(B) provides that a foreign corporation may change its principal business establishment address by filing a statement executed by its president or vice-president with the office of the Secretary of State. In the case at bar, annual reports were filed for the corporations but they listed the New Orleans address. Statements were properly executed by the corporate ^officers changing the location of the principal business establishments of ITW and Signode as Baton Rouge and indicating that the address in the annual reports was in error, but the letters were not filed with the Secretary of State until June of 1994.
The defendants urged the court to consider the change of address form filed with the Secretary of State on January 19, 1993 by the Vice-President of CT Corporation System as evidence of a change in the location of the principal business establishments of ITW and Signode. However, the statutory requirements are obviously not fulfilled by a statement filed by an officer of CT Corporation System, regardless of whether a copy of the form was kept in the permanent files of the foreign corporations. Although the form serves as notice that the foreign corporations’ agent for service of process has changed its address to Baton Rouge, it provides no information on any change in the principal business establishments of ITW and Signode.
We find therefore, that the foreign corporations did not execute a valid change of their principal business establishment until June 27, 1994, the date of their letter to the Secretary of State.
Having determined that the change in the location of the principal business establishment for the foreign corporation was not effective in February of 1993 as claimed by defendants, we must next address the issue of the time at which venue is determined.
The basic premise of the venue rules as established by the Code of Civil Procedure is that a defendant be sued in the parish of his domicile. Exceptions to this basic principle may be established in the interest of providing a convenient place for the trial.
The general venue rules for various categories of defendants are |6contained in La. C.C.P. Art. 42. The subparagraph applicable to the instant case provides that an action against:
*803 (2) A domestic corporation, or a domestic insurer, shall be brought in the parish where its registered office is located;
(4) A foreign corporation licensed to do business in this state shall be brought in the parish where its primary place of business in the state is located or in the parish designated as its principal business establishment in its application to do business in the state.
This Court has held that venue is determined at the time that suit is filed. Thompson v. Prudential Property and Casualty Inc. Co., 562 So.2d 34, 35 (La.App. 4th Cir. 1990). However, Louisiana courts have also held that where prescription is at issue the determination of whether a court is one “of competent jurisdiction” so as to interrupt prescription is made at the time the competency of the court is questioned and not at the time of filing of the suit. Foster v. Breaux, 263 La. 1112, 270 So.2d 526, 529 (1972).
In the case at bar, regardless of whether venue is determined at the time the suit was filed or at the time the exception of improper venue was filed, the end result will not change. Venue was proper in Orleans Parish at the time the suit was filed. The trial court’s venue was questioned on February 14, 1994 when the foreign corporations filed their exception of improper venue. Based upon the official records in the office of the Secretary of State, the location of the foreign corporations’ principal business establishment on this date was still Orleans Parish because they had not complied with the requirements of La.R.S. 12:308(B) for designating the change. Therefore, as to the foreign corporation defendants, Orleans Parish is a proper venue for this lawsuit.
Defendants argue that plaintiff knew the correct address for Signode |7and ITW since he had the petition for damages served on CT Corporation at its address in Baton Rouge and since he filed an identical suit in Jefferson Parish, and therefore plaintiff should be precluded from bringing suit in Orleans Parish. However, plaintiff is entitled to rely on the information contained in public records which indicated at the time plaintiff filed his suit that the defendant corporations’ principal business establishment was located in Orleans Parish. Although defendants contend that their principal place of business was changed effective February 1, 1993 to East Baton Rouge Parish, the record before us shows that the annual reports filed by defendants after the filing of plaintiffs suit showed Orleans Parish to be the place of defendants’ principal business establishment. Defendants did not fulfill the requirements of effecting a change in their corporate domicile until June of 1994 when the corporate officers notified the Secretary of State of the change.
Based upon the foregoing, we find that the trial court manifestly erred in sustaining the venue exception of the defendants, ITW, ITW Paslode, Paslode and Signode, and in dismissing the plaintiffs suit. Accordingly, the judgment is reversed and remanded to the trial court for further proceedings consistent with this ruling. Costs of these proceedings to be assessed against defendants.
REVERSED AND REMANDED.