| JONES, Judge.
Plaintiff, Kendall E. Hyatt, appeals the trial court’s judgment sustaining defendants’ Exception of Improper Venue and transferring plaintiffs suit to Lafayette Parish. We reverse the trial court’s judgment.
Petrolite Corporation, “Petrolite”, is a foreign corporation licensed to do business in this state. According to its 1993 and 1994 *433 Annual Reports, Petrolite’s principal business establishment is in Lafayette Parish.
Plaintiff sued Petrolite under the Jones Act, 46 U.S.C.App. Section 688, and the general maritime law. Plaintiff brought suit in state court pursuant to the “Savings to Suitors” clause of the Judiciary Act of 1789. Plaintiff specifically designated the claim as an “admiralty or general maritime claim” within the meaning of Louisiana Code of Civil Procedure Article 1732(6). Plaintiff alleged that he was aboard a vessel moored at a drilling platform located in the Gulf of Mexico in navigable waters off the coast of Louisiana when he was allegedly injured.
^Petrolite filed an Exception of Improper Venue as to suit in Orleans Parish. The exception was sustained by the trial court and the matter transferred to Lafayette Parish. From this judgment, plaintiff appeals.
By his first assignment of error, plaintiff argues that the trial court erred in treating as sufficient a designation in defendant’s annual report as its “principal business establishment” under La.C.C.P. article 42(4). Plaintiff argues that defendants could only make this designation in its Application To Do Business which is filed with the Secretary of State. Plaintiff further argues that should defendant’s designation in the Annual Report meet the formalities required under the statute, than the trial court erred in excluding the other possible venue allowed under Article 42(4), defendants’ “primary place of business”.
Plaintiff submits that the totality of evidence supporting a finding that Lafayette Parish is defendant’s primary place of business is the 1993 Annual Report. However, the evidence supporting Orleans Parish as defendant’s primary place of business consists of: a Gulf Coast Office maintained at 1515 Poydras Street, Suite 1960, New Orleans, LA; New Orleans operations maintained at the same address; a staff at that address consisting of a Regional Manager, Area Manager, Accounts Manager, Safety Coordinator, Technical Manager, Receptionists/Secretary and four Sales Engineers. Additionally, the Gulf Coast Office is where plaintiff was interviewed, where plaintiff signed his employment contract, and where he worked for fifteen months. Safety meetings and sales meetings were conducted out of the Gulf Coast Office. Plaintiff also performed tasks there such as completing reports and he kept supplies there. His business cards bore that address as did the “Employer Report of Occupational Injury or Disease” submitted to the State of Louisiana, Office of Worker’s Compensation in connection with this injury. Plaintiff also offered an invoice for purchase of a boat reflecting New Orleans as defendanVpurchaser’s address. Finally, defendant’s Rown Certificate of Incorporation designates and appoints Messrs. Spencer, Phelps, Dunbar & Marks of New Orleans to keep and have charge of the books and records of Petrolite Corporation. Plaintiff’s allegations are substantiated by his affidavit which is made a part of the record.
By plaintiff’s second assignment of error, he argues that the proof is sufficient to establish that his cause of action involves a matter over which the New Orleans office or establishment had supervision, therefore venue is proper under La.C.C.P. Article 77. All of the employment assignments and activities of plaintiff and all of defendant’s activities emanated from the Poydras Street Office.
Louisiana Code of Civil Procedure Article 42 provides, in pertinent part:
The general rules of venue are that an action against:
[[Image here]]
(4) A foreign corporation licensed to do business in this state shall be brought in the parish where its primary place of business in the state is located or in the parish designated as its principal business establishment in its application to do business in the state.
Louisiana Code of Civil Procedure Article 77 is an exception to the general rule set forth above and provides, in pertinent part:
An action against a person having a business office or establishment in a parish other than that where he may be sued under Article 42 only, on a matter over which this office or establishment had supervision, may be brought in a parish *434 where this office or establishment is located.
In Resler v. Sub Sea International, Inc., et al 624 So.2d 456 (La.App. 4th Cir.1993) this Court ruled, upon application for supervisory writs, that a foreign corporation could change the designation of its principal business establishment for venue purposes by noting the change in its annual report. However, the case law suggests that “primary place of business” and “principal business establishment” have different meanings and are not mutually exclusive.
|4In Keener v. General Motors Corporation, 993 F.2d 70 (5th Cir.1993) the Court wrote:
We could find no Louisiana cases interpreting the concept of “primary place of business in the State” as added to Article 42(4) by the amendment in 1990. In our view the plain language of subparagraph (4) states that there are two parishes where venue would be proper against a foreign corporation: First, the parish “where its primary place of business in the state is located”, or secondly, “the parish designated as its principal business establishment in its application to do business in the state.” By amending subparagraph (4) in 1990, the Louisiana Legislature obviously intended for the phrase “primary place of business” to mean something different from “principal business establishment in its application to business in the state”; otherwise there would have no necessity for the amendment.
Keener was before the U.S. Fifth Circuit on the issue of prescription. The Court found that summary judgment was improper in that defendants, who held the burden of proof as to all elements of their claim, faded to show that Orleans Parish was an improper venue and thus plaintiffs cause of action had prescribed. The Court did, however, offer its thoughts on what constituted a “primary place of business”, as follows:
... we doubt that the mere fact the office of the registered agent was in Orleans Parish or that the “registered office” of General Motors was in Orleans Parish would be sufficient by themselves to establish that Orleans Parish was where the “primary place of business” of General Motors is located.
Without much guidance in this area, and in light of defendant’s allegations that Lafayette Parish is Petrolite’s primary place of business and that in fact the New Orleans office is now closed, we find that the evidence is insufficient to find that Orleans Parish qualifies, or qualified at the time of the injury, as the primary place of business for Petrolite Corporation.
We do find merit in plaintiffs argument that venue is proper under Article 77 of the La.C.C.P. Based on the facts contained in plaintiffs affidavit it is clear |sthat, at the time of the accident and upon filing of suit, the New Orleans office supervised plaintiff and his activities, which is the subject of this cause of action. We find that the trial court erred in finding that plaintiffs claim did not fall within the Article 77 exception to the venue rules. See: Byles Welding and Tractor Co., Inc. v. Butts Sales and Service, Inc., 578 So.2d 246 (La.App. 3d Cir.1991).
For the foregoing reasons, the judgment of the trial court sustaining the defendant’s Exception of Improper Venue is reversed.

REVERSED.