426 So.2d 747 (1983)
Michael Craig BOUDREAUX, Plaintiff-Appellant,
v.
PIPE LINE TECHNOLOGISTS, INC., et al., Defendant-Appellee.
No. 82-513.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1983.
*748 Shelton & Legendre, Thomas Robert Shelton, Lafayette, for plaintiff-appellant.
Voorhires & Labbe, Patrick A. Juneau, Jr., Lafayette, Roy, Forrest & Lopresto, Alex Lopresto, New Iberia, Gachassin & Capretz, Nicholas Gachassin, Jeansonne, Gibbens, Blackwell & Briney, John A. Jeansonne, Jr., Lafayette, Camp, Carmouche, Palmer, Barsh & Hunter, David R. Frohn, Lake Charles, Allen, Gooch & Bourgeois, St. Paul Bourgeois, IV, Onebane, Donohue, Bernard, Torian, Diaz, McNamara & Abell, Lafayette, Richard B. Nevils, Baton Rouge, for defendant-appellee.
Before STOKER, YELVERTON and KNOLL, JJ.
YELVERTON, Judge.
Plaintiff, Michael Boudreaux, filed this tort action against numerous defendants, including Oilco Construction Company (Oilco), alleging that the negligence of the defendants caused him to fall approximately 50 feet from a scaffold and suffer severe injuries. From the granting of Oilco's motion for summary judgment, the plaintiff has appealed.
The plaintiff was working for Par Industries, Inc., performing duties as a combination fitter in the construction of a "jacket", the support structure of a drilling rig platform. On May 5, 1977, plaintiff was required to aid in the removal of certain scaffolding temporarily attached to the platform jacket. When plaintiff pried loose one of the boards the scaffolding or walkway gave way causing him to fall approximately 50 feet. At the time of the accident the structure was positioned on its side and the scaffolding or walkway was supposed to be temporarily welded to and saddled across the circular legs of the platform jacket.
In his petition the plaintiff alleged numerous acts of negligence on the part of Oilco including:
"(g) Failure to provide adequate inspection and/or testing of the scaffolding brackets and/or scaffolding walkways, and/or the negligent manner of inspection and/or testing of the scaffolding brackets and/or scaffolding walkways so as to comply with recognized scaffolding standards; and
"(i) Failure of the defendants, collectively and/or individually, to warn petitioner of the failure to properly test and/or inspect said work to determine subject scaffolding walkway's suitability, functionability and/or adaptability for the removal of said scaffold boards situated herein; and
"(j) Failure of the defendants to do what should have been done and failure to adequately warn the petitioner of the limitations and/or negligent performance *749 of their services together with the inadequate testing and evaluation procedures to perform the work intended."
In response Oilco filed a motion for summary judgment. The trial court rendered judgment in favor of the defendant.[1]
The only issue presented by this appeal is whether the trial court erred in granting the defendant's motion for summary judgment.
The recent Supreme Court decision of Thompson v. South Central Bell Telephone Company, 411 So.2d 26 (La.1982), states:
Summary judgment under La.C.C.P. arts. 966-969 is based on Federal Rule 56. Although it is an extremely useful device for putting an end to unnecessary litigation, it must be used with caution. "Summary judgment procedure is not a catchpenny contrivance to take unwary litigants into its toils and deprive them of a trial." Whitaker v. Coleman, 115 F.2d 305, 307 (5th Cir.1940). Rather, it is available only when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.C.C.P. art. 966; Dixie Campers, Inc. v. Vesely Co., 398 So.2d 1087 (La.1981); Chaisson v. Domingue, 372 So.2d 1225 (La.1979). Whenever there remain factual issues in dispute, a court should not grant summary judgment but should set the case for trial....
Oilco filed an affidavit by Olan Fremin, the President of the company, in an effort to show that the material facts are undisputed that the work which Oilco contracted to perform for Par Industries was unconnected with the equipment on which plaintiff was injured. In the affidavit, Mr. Fremin, based on a complete check of the files and business records of Oilco said that (1) the employees of Oilco worked at Par Industries from February 22, 1977, to March 2, 1977; (2) during that time the employees worked on the Wheelis Drilling Rig No. 5 cleaning the kitchen and rig floor; (3) its employees did not resume working for Par until May 13, 1977; (4) during the time the plaintiff was injured Oilco did not have any work at Par Industries nor did it have any labor crews or other personnel on the premises; and (5) Oilco did not employ any welders, nor rent equipment, nor have anything to do with equipment mentioned in plaintiff's petition.
The depositions of the plaintiff and two others, Robert Milkint and Rodney Verret, were also on file in the record. The deposition of the plaintiff indicated that the reason he was required to remove the scaffolding was that the roustabouts who were supposed to do this had failed to do it. The roustabout crews had also performed tasks in installing the scaffolding and its railings and in removing the handrails. The roustabout crew working on the scaffolding at the time of the accident was employed by Ernest Hebert, Inc., but Oilco's crew had worked on the structure earlier. The roustabout crews performed many varied jobs on the structure.
Robert Milkint, the personnel manager for Par Industries, stated in his deposition that according to two invoices Oilco was assigned to do general cleanup of the area where the structure was being constructed. The work was performed on January 21, 1977, and February 21 and 22, 1977. Mr. Milkint had no personal knowledge of the tasks performed by the crew from Oilco on those dates but stated his company did utilize *750 roustabout crews to perform different jobs in the yard.
The deposition of Rodney Verret, President of Par Industries, revealed that Oilco was a general oilfield contractor and that company could have been hired on the project to perform roustabout services.
Considering the above evidence there is clearly a genuine issue of material fact as to whether Oilco provided roustabouts on the project who aided in the installation of the scaffolding and its railings. Since plaintiff's petition alleges negligence on the part of Oilco in the testing and in their performance of their duties, i.e., in constructing the scaffolding, we find that the trial court erred in granting the defendant's motion for summary judgment.
For the reasons assigned the judgment of the district court is hereby reversed and the case remanded for trial on the merits. Costs of this appeal to be borne by the appellee.
NOTES
[1] At the time this judgment was rendered this record was already on appeal from a prior granting of a motion for summary judgment by another defendant. See Boudreaux v. Verret, 422 So.2d 1167 (La.App. 3rd Cir.1982). Appellant argues on appeal that the trial court had no authority to render the present judgment since the record had been lodged with the appellate court. We disagree.

Under LSA-C.C.P. art. 2088 the trial court retained jurisdiction over matters not reviewable under the prior appeal, including the defendant's motion for summary judgment. Therefore we find the trial court had jurisdiction to render judgment upon this matter.