DUFRESNE, Judge.
Plaintiff, Frank Fouchi appeals the judgment of the trial court granting defendant’s exception of no right of action.
Frank Fouchi filed this lawsuit seeking recovery of property damages as a result of an automobile collision with the defendant, Ann Lazzara.
Plaintiff asserts that Ann Lazzara negligently operated her vehicle on March 6, 1982, and caused an accident with a vehicle he allegedly owned.
Subsequently, plaintiff amended his original lawsuit to add an additional defendant, Commercial Union Insurance Company, the automobile liability insurer of the Lazzara vehicle.
Plaintiff sets forth in his original petition that he is the lawful owner of the vehicle involved in the accident with Lazzara. Defendant, Lazzara, filed an exception of no right of action suggesting to the court that F.E.F., Inc. was the lawful owner of the vehicle at the time of the collision.
The trial court granted the exception, then granted a new trial on the same issue and again the court dismissed plaintiffs suit on the basis that he was not the proper party plaintiff. From this judgment plaintiff has appealed and asserts that the trial court committed error when it denied his claim of ownership.
The purpose of the peremptory exception of no right of action is to question the interest of plaintiff to institute the lawsuit. Plaintiffs right to institute this action is predicated upon whether he had an ownership interest m the automobile at the time of the collision.
The record reflects that the lawful owner of the vehicle damaged was P.E.F., Inc., even though the premiums on the automobile insurance policy were paid by and issued to the plaintiff, this does not constitute nor change the ownership relationship of the parties. Without appropriate evidence to the contrary the ownership remains vested with the corporate entity which, according to law has the right to sue for the alleged damaged occasioned by the fault of another. LSA-C.C.P. art. 690, and Richard v. Morgan, 433 So.2d 263 (La. 1st Cir.1983). We recognize the lawful owner, F.E.P., Inc. as the “proper party” to bring this suit for damages to its corporate property.
Further, we find that the plaintiff, who apparently conducted business in a corporate form and reaped the benefits of this artifical being, cannot now sue individually for damages allegedly incurred by the corporation.
Accordingly, for the reasons above, we affirm the judgment of the trial court.
AFFIRMED.