968 So.2d 1254 (2007)
Dexter L. DAVIS, Plaintiff-Appellant
v.
DELTA BANK and Paul Lebeau, Defendants-Appellees.
No. 42,529-CA.
Court of Appeal of Louisiana, Second Circuit.
November 7, 2007.
*1255 Dexter L. Davis, In Proper Person.
James C. Crigler, Jr., McGlinchey Stafford, Monroe, for Appellees.
Before BROWN, GASKINS and DREW, JJ.
GASKINS, J.
The plaintiff, Dexter L. Davis, appeals a trial court ruling granting summary judgment in favor of the defendants, Delta Bank and Paul LeBeau, finding that the plaintiff could not establish a written agreement with the bank to borrow money for a tree nursery. The judgment also denied exceptions of no cause of action and no right of action filed by the plaintiff. For the following reasons, we affirm the trial court judgment.

FACTS AND PROCEDURAL HISTORY
This matter arises from protracted litigation by the plaintiff seeking to force the defendants to lend him money to start a tree nursery. The plaintiff is proceeding in proper person. In May 2004, the plaintiff filed suit against the defendants, Delta Bank and its loan officer, Paul LeBeau, for allegedly backing out of an agreement to lend the plaintiff $50,000.00 to start a tree nursery.
In June 2004, the defendants filed an exception of no cause of action, urging that there was no written contract to lend money to the plaintiff and that under La. R.S. 6:1122, the plaintiff has no cause of action on a credit agreement unless it is in writing.[1]
A hearing was held on the defendants' exception of no cause of action on September 9, 2004. The court also heard the plaintiff's motion to compel and motion for contempt, claiming that the defendants did not timely answer his requests for discovery. The trial court sustained the exception of no cause of action and denied the plaintiff's motions to compel and for contempt. A judgment to that effect was signed September 29, 2004.
Meanwhile, the plaintiff had filed a first supplemental and amending petition in August 2004, urging that he entered into a crop loan agreement at the same time as the agreement to lend money for the tree nursery. He claimed that there was a written agreement which is in the possession of the bank. The plaintiff alleged that the defendants attempted to withdraw the loan and hide evidence of it in order to punish him for orchestrating a protest march against various lending institutions.
In October 2004, the plaintiff filed a suspensive appeal from the trial court ruling of September 29, 2004, sustaining the defendants' exception of no cause of action and denying the plaintiff's motions to compel and for contempt. The trial court made the appeal returnable 45 days from the payment of costs by the plaintiff.
In December 2004, the plaintiff filed a motion to proceed in forma pauperis. The trial court denied the motion, finding that the plaintiff had means to pay the costs of the court proceedings. However, the plaintiff was granted an extension to January 4, 2005, to pay the costs of the appeal.
In January 2005, the plaintiff filed a writ application with this court, objecting to the trial court's denial of his motion to proceed in forma pauperis. We denied the writ application in March 2005, and the Louisiana *1256 Supreme Court denied the application in May 2005.
In June 2005, the plaintiff filed a motion to set the return date on his appeal. Pursuant to a motion filed by the defendants, on July 7, 2005, the trial court dismissed the plaintiff's appeal from the September 29, 2004 judgment, citing the plaintiff's failure to pay costs. On that same date, the trial court signed an order effectively denying the motion to set a return date in the appeal, citing the plaintiff's failure to establish his pauper status and his failure to pay court costs.
On July 5, 2005, the defendants filed a motion for summary judgment on the amended petition, claiming that their exception of no cause of action had been sustained on the original petition, that the plaintiff could not bring a suit to enforce an oral agreement to lend money, and that the plaintiff had not provided proof of a written agreement to lend money.
In September 2005, the plaintiff filed an exception of no cause and no right of action to the motion for summary judgment claiming that, because this matter was on appeal, the trial court was without jurisdiction to rule on the motion for summary judgment.
On September 19, 2005, the trial court signed a judgment rejecting the plaintiff's exceptions and granting the defendants' motion for summary judgment. On October 28, 2005, the plaintiff filed a writ application with this court, asserting that the trial court could not rule on a motion for summary judgment while an appeal in the matter was pending. In December 2005, this court converted the writ application to the present appeal.[2]

PENDING APPEAL
In his brief to this court, the plaintiff argues that the trial court erred in hearing a motion for summary judgment after an appeal had been granted. The plaintiff argues that in October 2004, he filed a motion to appeal the September 29, 2004 trial court judgment sustaining the defendants' exception of no cause of action. The plaintiff claims his appeal divested the trial court of jurisdiction in this matter. He maintains that his appeal from the September 29, 2004 judgment was still pending when the trial court ruled on the defendants' motion for summary judgment. This argument is without merit.

Discussion
The plaintiff contends that, because the trial court granted his appeal from the September 29, 2004 judgment, jurisdiction was divested and the court could not properly hear the defendants' motion for summary judgment. The plaintiff seems to argue that his efforts to proceed in forma pauperis suspended the time for paying the costs of the appeal. He also claims that the defendants never filed a motion to dismiss his appeal for failure to pay costs.
The record in the present case shows that, while the plaintiff's motion to proceed in forma pauperis was under consideration in the trial court, the plaintiff filed a motion to reduce the costs of the appeal and to obtain an additional extension of time in which to pay the costs. Although the motion was filed late, the trial court found, on the merits, that the costs were reasonable.
The court recognized that the order for suspensive appeal was signed October 29, 2004 and notice of the estimated costs of *1257 the appeal was sent to the plaintiff on November 24, 2004. La. C.C.P. art. 2126 provides that costs of the appeal are to be paid within 20 days of the mailing of notice of the costs. Upon application, the plaintiff was granted an extension until January 24, 2005 to pay costs.
The writ taken by the plaintiff on the denial of his motion to proceed in forma pauperis was denied by this court and then by the supreme court on May 20, 2005. That ruling became final on June 3, 2005. However, the plaintiff still did not pay the outstanding court costs. In response, the defendants filed a motion to dismiss the appeal for nonpayment of the costs. On July 7, 2005, the trial court signed orders dismissing the appeal for nonpayment and denying the plaintiff's motion to set the return date due to the dismissal of the appeal. Therefore, it appears that no appeal was pending at the time the motion for summary judgment was heard on September 2005.[3]
However, if the initial appeal had still been pending, we note that it was only from the September 29, 2004 judgment granting the defendants' exception of no cause of action on the ground that the plaintiff could not enforce a verbal agreement to loan money. La. C.C.P. art.2088, dealing with the divesting of jurisdiction of the trial court on appeals, specifies several instances in which the trial court retains jurisdiction. That article provides in pertinent part:
The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal,. . . . [Emphasis supplied.]
The statute then sets forth several instances in which the trial court retains jurisdiction. The plaintiff claims that none of the instances in the statute apply in this case.
The plaintiff amended his petition to allege that there was a written agreement in the possession of the bank. The allegations of the amended petition were not included in the original judgment appealed by the plaintiff. The bank's motion for summary judgment addresses the lack of any written agreement in its possession, which was raised in the amended petition. Because the allegations of the amended petition and the motion for summary judgment filed by the defendants concerned matters not included in the initial appeal, those matters were not reviewable in the plaintiff's appeal. Under La. C.C.P. art. 2088, the trial court retained jurisdiction over matters not reviewable under the prior appeal, including the defendants' motion for summary judgment. See and compare Boudreaux v. Pipe Line Technologists, Inc., 426 So.2d 747 (La.App. 3d Cir.1983). Therefore, the plaintiff's prior appeal, even if it was still viable, would not have divested the trial court of jurisdiction in deciding the defendants' motion for summary judgment.

MOTION FOR SUMMARY JUDGMENT
We also find that, on the merits, the trial court did not err in granting the motion for summary judgment in favor of the defendants.

*1258 Discussion
Appellate courts review summary judgments de novo under the same criteria that govern a district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991); Costello v. Hardy, XXXX-XXXX (La.1/21/04), 864 So.2d 129. A court must grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). Summary judgment procedure is favored and is designed to secure the just, speedy and inexpensive determination of actions. La. C.C.P. art. 966(A)(2); Mosley v. Temple Baptist Church of Ruston, Louisiana, Inc., 40,546 (La.App.2d Cir.1/25/06), 920 So.2d 355.
Initially, the movant bears the burden of proof. La. C.C.P. art. 966(C)(2). If the movant successfully meets this burden, then the burden shifts to the other party to present factual support adequate to establish that he/she will be able to satisfy the evidentiary burden at trial. If the other party fails to meet this burden, there is no genuine issue of material fact, and the movant is entitled to summary judgment as a matter of law. Supreme Services and Specialty Co., Inc. v. Sonny Greer, Inc., XXXX-XXXX (La.5/22/07), 958 So.2d 634.
The party opposing summary judgment cannot rest on the mere allegations or denials in his pleadings, but must show that he has evidence which, if believed, could satisfy his evidentiary burden of proof at trial. If he has no such evidence, then there is no genuine issue of material fact, and the movant is entitled to summary judgment. La. C.C.P. art. 966(C)(2); Mosley v. Temple Baptist Church of Ruston, Louisiana, Inc., supra.
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. La. C.C.P. art. 967. A trial judge cannot make credibility determinations on a motion for summary judgment. Independent Fire Insurance Company v. Sunbeam Corporation, 1999-2181, 1999-2257 (La.2/29/00), 755 So.2d 226; Hutchinson v. Knights of Columbus, Council No. 5747, XXXX-XXXX (La.2/20/04), 866 So.2d 228. In deciding a motion for summary judgment, the court must assume that all of the affiants are credible. Independent Fire Insurance Company v. Sunbeam Corporation, supra. The credibility of a witness is a question of fact. Hutchinson v. Knights of Columbus, Council No. 5747, supra.
The record shows that, in support of their motion for summary judgment, the defendants submitted affidavits from bank officers showing that the plaintiff applied for a $50,000.00 loan for a tree nursery, but that the loan application was denied. According to the defendants, the only written documentation in their possession is the loan application and the adverse action notice.[4] Upon this showing, the burden *1259 shifted to the plaintiff to show the existence of a written agreement. He presented no evidence to show that a written agreement exists. Based on this showing, the trial court properly granted summary judgment in favor of the defendants.

CONCLUSION
For the reasons stated above, we affirm the trial court judgment dismissing the exceptions of no cause and no right of action filed by the plaintiff, Dexter L. Davis, claiming that the trial court was without jurisdiction to hear the defendant's motion for summary judgment due to a pending appeal in this matter. We also find that the trial court was correct in granting summary judgment in favor of the defendants. Costs in this court are assessed to the plaintiff.
AFFIRMED.
NOTES
[1] La. R.S. 6:1122 provides:

A debtor shall not maintain an action on a credit agreement unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor.
[2] The plaintiff's continued failure to pay court costs and his quest to proceed in forma pauperis resulted in a long delay in lodging the appeal in this court. Although the details are not relevant to the decision of the issue before this court, simply stated, the plaintiff eventually paid his pending court costs and was determined to be entitled to pauper status.
[3] The plaintiff has made no showing that the motion to proceed in forma pauperis and the writs in connection with that issue suspended the time to perfect the appeal. Even if the time delays were suspended, the plaintiff still failed to pay costs timely.
[4] We have held that an application to borrow money does not constitute a written loan agreement. Fleming Irrigation, Inc. v. Pioneer Bank and Trust Co., 27,262 (La.App.2d Cir.8/23/95), 661 So.2d 1035, writ denied, 95-2357 (La.12/8/95), 664 So.2d 427. See also Jesco Construction Corporation v. Nationsbank Corporation, XXXX-XXXX (La.10/25/02), 830 So.2d 989, and Fortenberry v. Hibernia National Bank, 37,266 (La.App.2d Cir.8/20/03), 852 So.2d 1221, holding that the Louisiana Credit Agreement Statute precludes all actions for damages arising from oral credit agreements, regardless of the legal theory of recovery.