STEWART, J.
[aPIaintiffs, Miriam Stagner Upchurch, Amanda Upchurch Caporossi, and John David Upchurch, and Defendant, Austin Bridge and Road Co., are appealing a motion for summary judgment rendered in favor of Protection Services, Inc. (“PSI”). The judgment dismissed with prejudice PSI and its insurers, Travelers Property Casualty Company of America (“Travelers”) and American Guarantee & Liability Insurance Company (“American Guarantee”). For the reasons stated herein, the trial court’s judgment granting PSI and its insurers’ motion for summary judgment is reversed.
FACTS
On April 18, 2006, Miriam Stagner Up-church (“Miriam”) was involved in an automobile accident at the edge of a construction site at [4the intersection of Clyde Fant Parkway and Shreveport-Barksdale Highway. Parts of Shreveport-Barksdale Highway were under construction, as repairs were being made to the northern span of the bridge, which crossed above Clyde Fant Parkway. Upon exiting Shreveport-Barksdale Highway, Miriam came to a stop sign at the intersection with Clyde Fant Parkway. She intended to cross the southbound lanes of Clyde Fant Parkway and then turn left onto its northbound lanes. When Miriam pulled out into the southbound lanes of Clyde Fant Parkway, her vehicle collided with a southbound vehicle driven by Rishaida Trapani. Miriam was severely injured and ultimately died from complications from her injuries on August 3, 2009.
After her death, Miriam’s children, Amanda Upchurch Caporossi and John David Upchurch, substituted themselves as party plaintiffs to this action. The plaintiffs filed suit against the contractor of the construction site, Austin Bridge and Road, Inc. (“Austin Bridge”), the contractor’s insurer, Arch Specialty Insurance Company; the State of Louisiana through the Department of Transportation and Development, whose bridge was under construction; the City of Shreveport, who was the owner of the streets 1 fiat issue; PSI and its insurers, Travelers and American Guarantee. PSI was the company responsible for signs, warnings, and traffic control for the construction site.
All of the defendants filed motions for summary judgment, but the trial court granted summary judgment only in favor *363 PSI, dismissing with prejudice it and its insurers. In its ruling, the trial court found:
1. PSI merely rented traffic control materials, including temporary signs, cones and barricades to the general contractor, Austin Bridge, for use at the subject construction site;
2. PSI did not perform any of the construction work at the site;
3. PSI did not create or engineer the traffic control plan for the site;
4. PSI did not determine the number, type and placement of the warning devices;
5. PSI did not create or engineer the signage, traffic controls or determine the speed limit for the site;
6. PSI was not required to place any signs controlling traffic at the site where the collision occurred as the area of construction was several hundred feet away from the site where the collision occurred.
The plaintiffs, as well as Austin Bridge, now appeal.
I «LAW AND DISCUSSION
In their sole assignment of error, the plaintiffs and Austin Bridge (collectively referred to as the “appellants”) assert that the trial court erred in granting the motion for summary judgment. They allege that PSI failed to perform its contractual obligations and specifically failed to place the appropriate signs reducing the speed limit from 55 miles per hour to 45 miles per hour, as was required by its contract. They believe that the trial court erred in finding that PSI did not have this contractual responsibility. Therefore, they argue that summary judgment was improperly rendered.
The motion for summary judgment is a procedural device to avoid a full-scale trial when there is no genuine issue of material fact. Duncan v. USAA Ins. Co., 06-363 (La.11/29/06), 950 So.2d 544; Pruitt v. Nale, 45,483 (La.App. 2 Cir. 8/11/10), 46 So.3d 780. Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action. The proceeding is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2). The judgment sought shall be rendered forthwith if the |7pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
The initial-burden of proof remains with the mover to show that genuine issue of material fact exists. If the mover has made a prima facie showing that the motion should be granted, the burden shifts to the nonmoving party to present. evidence demonstrating that a material fact issue remains. The failure of the nonmov-ing party to produce evidence of a material factual dispute mandates the granting of the motion. Pruitt, supra.
Appellate review of the grant or denial of a summary judgment is de novo. Thus, the court uses the same criteria as the trial court in determining whether summary judgment is appropriate — whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. A “genuine issue” is a “triable issue,” that is, an issue on which reasonable persons could disagree. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for trial on that issue. ' A fact is “material” when its existence or nonexistence may be éssential to a plaintiffs |scause of action under the applicable theo *364 ry of recovery. Jones v. Estate of Santiago, 03-1424 (La.4/14/04), 870 So.2d 1002; Pruitt, supra.
A contractor owes a duty to the public beyond the literal fulfillment of the plans and specifications of its contract with DOTD. Dowden v. Mid State Sand & Gravel Co. Inc., 95-231 (La.App. 3 Cir. 11/2/95), 664 So.2d 643. Any person or firm contracting with the highway department to repair a road likewise owes a duty to the public to perform the contract in such a manner so as not to expose those using the roads to any dangers which could be prevented by the use of ordinary and reasonable care. This obligation on the part of the highway department and the contractor imposes a duty to adequately warn motorists of the existence of any dangers created by the road repairs. Hale v. Aetna Casualty & Surety Co., 273 So.2d 860 (La.App. 2 Cir.1973), writ denied, 53-389 (La.4/19/73), 275 So.2d 867. A contractor doing construction work on a public highway: has a duty to mark, barricade, or warn' the public of conditions in the construction site which pose an unreasonable risk of harm. Dowden, supra. The appellants argue this same duty applies to subcontractors, namely PSI, who was contracted to install and maintain the signs, | pwarnings and barricades that were intended to protect the public at large.
The contract between Austin Bridge, the general contractor responsible for the construction project, and PSI calls for PSI to provide and install the signage on the construction project. It included the following language:
“Subcontractor agrees to furnish all labor, materials, applicable taxes, tools, equipment, supervision and other things required to do the following portions of the Work at the prices set forth below, such portions of the Work to be called the ‘Sublet Work’:
Code Item Description 980395 713-01 Temporary Signs and Barricades 980396 S-002 Glare Paddles
Additionally, the performance portion of the Master Subcontract Agreement stated in pertinent part:
Subcontractor further agrees to perform the Sublet Work in a careful and workmanlike manner in accordance with the best construction practices and with this Agreement, and in strict accordance with the Prime Contract, and to assume and discharge all responsibilities which Contractor has assumed hnunder the Prime Contract with respect to the Sublet Work, except as otherwise provided herein.
PSI concedes that it rented, installed, and performed periodic maintenance on the barrels, cones, and signs for the construction site. It denied involvement in the traffic control plan or the establishment of the speed limits at the construction site. At the construction site, southbound motorists on Clyde Fant Parkway were channeled into one lane as they approached the intersection where the crash occurred.
When the trial court denied summary judgment as to all of the defendants except PSI and Travelers, it noted that it found genuine issues of material fact as to whether there was appropriate planning of the construction site:
Notwithstanding the fact that there is clear and perhaps considerable fault on behalf of Miriam Stagner Upchurch, arguable fault on behalf of Linda Trapani and that the accident site was beyond the construction site, there are genuine issues of material fact that favors a trial on the merits as to Austin Bridge. Specifically, the issues include whether there was appropriate planning done of the construction site (whether author *365 ized by DOTD, or not), and whether there was potentially dangerous channeling of vehicles into one lane without any change in the 55 mile per hour speed limit and without specific warning devices. As the general contractor, Austin Bridge had the duty to appropriately mark, barricade, and/or warn.the public of conditions in or around lnthe construction site which pose an unreasonable risk of harm.
As discussed earlier, a “genuine issue” is a “triable issue,” that is, an issue on which reasonable persons could disagree. While reviewing the pictures of the site where the accident occurred, we noticed the absence of any signs indicating a change in the speed limit. The construction plan requires the speed limit to be reduced to 10 miles per hour less than the legally posted speed limit in certain areas, but we were not able to clearly determine exactly where the reduced speed limit signs would be posted. It is very possible that PSI was supposed to install a reduced speed limit sign at the accident site.
We believe that this uncertainty presents a genuine issue of material fact regarding the change in the 55 mile per hour speed limit. More specifically, the issue of whether PSI breached its duty to Austin Bridge to supply, install and service the traffic control materials in a workmanlike manner becomes a triable issue, since reasonable persons could reach more than one conclusion on the issue of whether PSI had a duty to post a reduced speed limit sign at the accident site.
It is likely that the presence of a road sign reducing the speed limit from 55 miles per hour to 45 miles per hour could have 112mitigated or prevented the accident. For these reasons, we find that the trial court erred in granting the motion for summary judgment in favor of PSI and its insurers.
CONCLUSION
For the foregoing reasons, we reverse the decision of the trial court granting PSI, Travelers, and American Guarantee’s motion for summary judgment. This matter is remanded for further proceedings. Costs are assessed to the appellees, PSI, Travelers, and American Guarantee.
REVERSED AND REMANDED.
APPLICATION FOR REHEARING
Before STEWART, GASKINS, DREW, MOORE and LOLLEY, JJ.
Rehearing denied.