NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

20-621

BENJAMIN T. MEYERS, ET AL.

VERSUS

LOUISIANA DEPARTMENT OF TRANSPORTATION &
DEVELOPMENT, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 131010
HONORABLE VINCENT JOSEPH BORNE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

CANDYCE G. PERRET
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Candyce G. Perret, Jonathan W. Perry, and Sharon Darville Wilson, Judges.

AFFIRMED.

**Jo Ann Nixon**
**129 W. Pershing Street**
**New Iberia, LA   70560**
**(337) 369-7437**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
  **Benjamin T. Meyers**
  **Doreathea M. Viltz**

**Jeannie C. Prudhomme**
**Assistant Attorney General**
**556 Jefferson Street, 4th Floor**
**Lafayette, LA   70501**
**(337) 262-1700**
**COUNSEL FOR DEFENDANT/APPELLEE:**
  **Louisiana Department of Transportation & Development**

**Hoai T. Hoang**
**Special Assistants Attorney General**
**700 St. John Street, 5th Floor**
**Post Office Box 3527**
**Lafayette, LA   70502**
**(337) 232-9700**
**COUNSEL FOR DEFENDANT/APPELLEE:**
  **Louisiana Department of Transportation & Development**

**Lauren Camel Begneaud**
**Caffery, Oubre, Campbell & Garrison, L.L.P.**
**100 E. Vermilion Street, #201**
**Lafayette, LA   70501**
**(337) 232-6581**
**COUNSEL FOR OTHER DEFENDANT:**
  **Louisiana Farm Bureau Insurance Company**

**PERRET, Judge.**

Plaintiffs-Appellants appeal the trial court's December 17, 2019 Judgment granting Defendant-Appellee's, State of Louisiana through the Department of Transportation and Development ("DOTD"), Peremptory Exception of Prescription. The 2019 Judgment dismissed all claims asserted by Doreathea[1] Viltz against the DOTD. On appeal, we affirm.

**FACTS AND PROCEDURAL HISTORY:**

The majority of the factual and procedural history of this case has been set forth in the companion opinion, *Meyers v. Louisiana Department of Transportation & Development*, 20-620, pp. ___ (La.App. 3 Cir. __/__/21) (unpublished opinion):

> Benjamin Meyers avers that on October 19, 2016, he was traveling in a 2005 Cadillac DeVille owned by Doreathea[] Viltz[2] when he hit a "sink hole" with "boulders which protruded out of the hole" on Louisiana Highway 675. Meyers claims that this boulder hit the undercarriage of the car, which caused property damage and caused Mr. Meyers personal injuries. On October 19, 2017, Mr. Meyers filed suit against Louisiana Department of Transportation and Development ("DOTD"), Office of Risk Management, Farm Bureau Insurance Company, and "XYZ" to represent any other unknown or unidentified defendants. Mr. Meyers asserted that the DOTD failed to maintain the state highway and that Farm Bureau issued a policy of comprehensive insurance coverage for the vehicle. He asserted that all Defendants were liable for the damages he set forth, including pain and suffering, medical and pharmaceutical expenses, loss of use of the vehicle, cost of preservation of the vehicle pending repairs, and all other associated costs that will be demonstrated. In a separate paragraph, Mr. Meyers sought property damage to the vehicle.

> The DOTD and Office of Risk Management responded by filing a Declinatory Exception of Insufficiency of Service of Process and Dilatory Exception of Lack of Procedural Capacity on November

---

[1] The record contains several spelling variations of Ms. Viltz's name. We use "Doreathea" as this is the spelling Ms. Viltz used when signing the amended petition.

[2] It was determined at trial that Mr. Meyers' First Supplemental and Amended Petition for Damages was filed within sixty days of the judgment, but service on Defendants had not been procured within that time or prior to their filing of these exceptions.

9, 2017. The exceptions alleged that the Office of Risk Management lacked the procedural capacity to be sued and that La.R.S. 13:5107 and La.R.S. 39:1538 require that the Secretary of the Department of the DOTD, the Office of Risk Management, and the Attorney General's Office be served, which had not occurred. Prior to a hearing on the above exceptions, the DOTD also filed a Peremptory Exception of No Right of Action alleging that Mr. Meyers has no right to assert damage claims for Ms. Viltz's vehicle.

Farm Bureau similarly responded, filing a Declinatory Exception Pleading Insufficiency of Citation and Service of Process and Peremptory Exception of No Cause and/or Right of Action. Farm Bureau alleged there was no company/corporation known as "Farm Bureau Insurance Company" as stated in the Petition for Damages and that service was attempted at an address other than the address for service listed with the Louisiana Commissioner of Insurance. Lastly, Farm Bureau argued that Mr. Meyers failed to state facts in his petition showing that he was the owner of the vehicle, the named insured under the policy, had a contractual relationship with Farm Bureau, or was a third party beneficiary to the policy. Thus, Mr. Meyers had no right of action to bring this suit and failed to assert a cause of action against Farm Bureau.

After the hearing on the above exceptions, the trial court signed a judgment on April 19, 2018, granting the DOTD's exception of insufficiency of service of process, exception of no right of action, and exception of lack of procedural capacity. The judgment dismissed the Office of Risk management with prejudice. The judgment also granted Farm Bureau's exception of insufficiency of citation and service of process and exception of no cause and no right of action. Despite granting the exceptions, the trial court permitted Mr. Meyers to correct the citation/service of process and no right/cause of action deficiencies within sixty days of the judgment.

Accordingly, on June 15, 2018, Mr. Meyers filed Plaintiff's First Supplemental and Amended Petition for Damages. This pleading amended the first paragraph to read, "The petition of **BENJAMIN T. MEYERS** and **DOREATHER** [sic] **M. VILTZ**, persons of full age and both majority and domiciled in Iberia Parish, Louisiana." The amended petition deleted the Office of Risk Management as a defendant but failed to make an amendment to Farm Bureau. Additionally, the amended petition made changes to allege that Farm Bureau was liable to Ms. Viltz, specifically, under its policy of comprehensive insurance coverage for damages to the vehicle, and that both Defendants were liable to Ms. Viltz for the vehicle's property damage. Mr. Meyers maintained his claims that the DOTD was also liable to him, as well as Ms. Viltz for its failure to maintain a state highway and maintained the personal injury damages he suffered. The petition no longer asserted that Farm Bureau was liable

2

for Mr. Meyers' personal injury damages. The amended petition is signed by both Mr. Meyers and Ms. Viltz.

The DOTD filed a motion to dismiss, citing again Mr. Meyers' failure to properly and timely serve the DOTD and failure to assert a right of action against it for Ms. Viltz's claims. Similarly, Farm Bureau also filed a motion to dismiss for Mr. Meyers' failure to correct the prior deficiencies in his Petition for Damages within sixty days.[3]

Additionally, Farm Bureau filed a Dilatory Exception of Lack of Procedural Capacity and Peremptory Exception of Prescription asserting Mr. Meyers "lacks procedural capacity to add Doreathea M. Viltz as a plaintiff" and that any claims of Ms. Viltz have prescribed. Farm Bureau notes that no relationship was alleged between Mr. Meyers and Ms. Viltz, other than her ownership of the vehicle that he was operating on the date of the incident. Furthermore, Farm Bureau argued that as a competent major, Ms. Viltz must bring her own suit, and Mr. Meyers cannot simply add Ms. Viltz as a plaintiff via an amending petition. Farm Bureau suggested that to assert her claims, Ms. Viltz must either file a separate suit or intervene in Mr. Meyers' suit, which she can no longer do because her claims are prescribed.

Once the DOTD was served with the supplemental and amended petition, it filed a motion to strike the pleading as untimely due to Mr. Meyers' failure to serve the DOTD within the sixty-day extension set by the April 19, 2018 Judgment.

Appellant did not submit any opposition to the motions. Both motions to dismiss, Farm Bureau's exceptions of procedural capacity and prescription, and DOTD's motion to strike were heard on December 17, 2018. In a judgment signed January 11, 2019, the motions to dismiss were denied and the DOTD's motion to strike was passed at the request of counsel. However, Farm Bureau's exceptions of lack of procedural capacity and prescription were granted, and all claims asserted against Farm Bureau were dismissed with prejudice.

Appellants appealed the January 11, 2019 Judgment dismissing all claims against Farm Bureau, which is the issue in docket number 20-620. Thereafter, the case against the DOTD continued in the trial court.

---

[3] It was determined at trial that Mr. Meyers' First Supplemental and Amended Petition for Damages was filed within sixty days of the judgment, but service on Defendants had not been procured within that time or prior to their filing of these exceptions.

After discovery was unsuccessfully attempted by the DOTD, the DOTD filed a Peremptory Exception of Prescription on September 16, 2019, alleging that Ms. Viltz's claims for property damage had prescribed for the same reasons set forth by Farm Bureau in its prior and successful motion. The DOTD re-urged that Ms. Viltz's property damage claims prescribed one year from the accident and, therefore, could not be brought in an amended petition adding her as a plaintiff. The DOTD attached Farm Bureau's procedural capacity and prescription motion and memorandum to its motion. Appellants, again, did not submit an opposition.

The exception of prescription and a motion to dismiss for failure to respond to discovery were both heard on November 12, 2019. In a judgment signed December 17, 2019, the trial court denied the DOTD's motion to dismiss, but awarded it legal expenses incurred in preparing and filing the motion. However, the trial court granted the DOTD's exception of prescription and dismissed Ms. Viltz's claims with prejudice.

Appellants appeal the November 12, 2019 Judgment asserting two assignments of error: (1) the trial court erred in granting the exception of prescription and (2) the trial court erred in taking evidence in the exception and later on the motion for summary judgment.

**DISCUSSION:**

We will first discuss Appellants' second assignment of error as it alleges the trial court was divested of jurisdiction to hear the exception of prescription while docket 20-620 was pending on appeal. We note that Appellants also assert that a motion for summary judgment should not have been heard while the appeal was pending, however that summary judgment does not appear in our record and, thus,

4

there is nothing regarding that motion for us to review.[4]  Additionally, we also recognize that Appellants never raised this issue of jurisdiction in the trial court and never filed an opposition to the exception of prescription.  Typically, this court will not consider issues raised for the first time on appeal.

Louisiana Code of Civil Procedure Article 2088 states in pertinent part:

> A. The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal[.]

Louisiana Code of Civil Procedure Article 1915 further provides for the rendition of partial final judgments even though it "may not adjudicate all of the issues in the case," when it "dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or interveners[.]"  The article continues, "[i]f an appeal is taken from any judgment rendered under the provisions of this Article, the trial court shall retain jurisdiction to adjudicate the remaining issues in the case." *Id.*

All issues not reviewable under the appeal remain within the trial court's jurisdiction.  The appeal in docket 20-620 stems from a judgment that only dismissed Farm Bureau.  The exception of prescription ruled on only involved those claims against Farm Bureau and never raised any claims against the DOTD.  The only issue reviewable in that appeal was whether the claims against Farm Bureau were prescribed.  No stay in the proceedings was ever requested or granted.

---

[4] According to Appellee's brief, this summary judgment motion only involved the remaining claims of Mr. Meyers' against the DOTD.  Thus, this judgment would be unrelated to the current appeal, which only considers the dismissal of Ms. Viltz's claims against the DOTD. The summary judgment is also unrelated to the appeal in docket 20-620, which considers the dismissal of all claims against Farm Bureau, not the DOTD.

Considering the foregoing, the trial court was not divested of jurisdiction to adjudicate issues regarding the DOTD. *See James v. Formosa Plastics Corp. of La.*, 01-2056 (La. 4/3/02), 813 So.2d 335; *Boudreaux v. Pipe Line Technologists, Inc.*, 426 So.2d 747 (La.App. 3 Cir. 1983). This assignment of error is without merit.

***Prescription***

"A peremptory exception generally raises a purely legal question. Nonetheless, evidence may be introduced in the trial court to support or controvert a peremptory exception of prescription." *Wells Fargo Fin. La., Inc. v. Galloway*, 17-413, p. 7 (La.App. 4 Cir. 11/15/17), 231 So.3d 793, 799-800. When evidence was introduced to the trial court, we apply the manifest error standard of review on appeal. *Arton v. Tedesco*, 14-1281 (La.App. 3 Cir. 4/29/15), 176 So.3d 1125, *writ denied*, 15-1065 (La. 9/11/15), 176 So.3d 1043. When no evidence was adduced, the appellate court must simply "determine whether the trial court's decision was legally correct." *Id.* at 1128. The pleading party has the burden of proving an exception of prescription unless prescription is evident on the face of the pleadings, then it shifts to the non-pleading party to prove otherwise. *Id.*

The DOTD attached only Farm Bureau's motion and memorandum in support of prescription, already part of the record, to its own exception of prescription. Based on the transcript, no evidence was admitted at the hearing of the exception. Thus, we will consider whether the trial court's grant of prescription was legally correct. Additionally, the incident occurred on October 19, 2016, and Ms. Viltz did not assert any claims against the DOTD until the June 15, 2018 amended petition. Therefore, Ms. Viltz's claims are prescribed on the face of the pleadings, and she bears the burden of proving otherwise.

On appeal, Appellants assert the same argument as they did in the companion appeal filed in docket number 20-620—that prescription was improperly granted because Ms. Viltz was a necessary party to the lawsuit. Appellants argue that without the joinder of Ms. Viltz, the adjudication of the matter would impair her interest as the owner of the vehicle that sustained property damage. Thus, Appellants argue that Ms. Viltz's claims are not prescribed because the original petition was timely filed.

The Louisiana Code of Civil Procedure distinguishes between the necessary joinder of parties and the permissive joinder of parties. Joinder of a party is necessary when:

> (1)  In his absence complete relief cannot be accorded among those already parties.
>
> (2)  He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
>
> (a) As a practical matter, impair of impede his ability to protect that interest.
>
> (b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.

La.Code Civ.P. art. 641. "Courts should conduct a factual analysis of all the interests involved to determine whether a party should be joined, or if the party cannot be joined, whether the action should proceed." *Olano v. Karno*, 20-396, p. 7 (La.App. 4 Cir. 4/7/21), 315 So.3d 952, 957.

Ms. Viltz's property damage claims are separate claims from Mr. Myers' personal injury claims. The resolution of Mr. Meyers' personal injury claims will not impact the resolution of Ms. Viltz's property damage claims. Had both

7

Plaintiffs filed separate lawsuits, both may have discovered and submitted different evidence, which could in turn change the outcome of each case.

Finding that Ms. Viltz is not a necessary party to Mr. Meyers' lawsuit, we will consider whether the amended petition relates back to the original petition. As discussed in the companion appeal, docket number 20-620, amended petitions are permitted to relate back to the original petition's filing date under certain circumstances, thereby circumventing prescription. *See* La.Code Civ.P. art. 1153; *Giror v. S. La. Med. Ctr.*, 475 So.2d 1040, 1044 (La.1985); *Ahmed v. Downman Dev., L.L.C.*, 17-114 (La.App. 4 Cir. 12/28/17), 234 So.3d 1111. When determining whether an amended petition relates back under La.Code Civ.P. art. 1153, we consider whether the original petition stated a right of action to "support the relation-back of the new cause of action[.]" *Boone v. Conoco Phillips Co.*, 13-1196, pp. 22-23 (La.App. 3 Cir. 5/7/14), 139 So.3d 1047, 1061 (citing *Naghi v. Brener,* 08–2527 (La.6/26/09), 17 So.3d 919.); *See also TCC Contractors, Inc. v. Hosp. Serv. Dist. No. 3 of Par. of Lafourche,* 10–685, p. 22 (La.App. 1 Cir. 12/8/10), 52 So.3d 1103, 1116 (an action instituted by a person determined to have no right of action cannot serve as an "action" sufficient to interrupt prescription). Like the companion case, 20-620, we note that Mr. Meyers had no right of action to bring property damage claims against the DOTD in the original petition for a vehicle he did not own. *See also Fouchi v. Lazzara*, 508 So.2d 853 (La.App. 5 Cir. 1987) (plaintiff without an ownership interest in the vehicle at the time of the collision had no right of action to bring a property damage claim against the defendant).

According to *Boone*, 139 So.3d at 1061, "an original petition filed by a party without a right of action to file it" cannot relate back. *See also Ahmed*, 234 So.3d

1111. Thus, the original petition, wherein Mr. Meyers had no right of action for property damage claims, cannot support the relation back of the amended petition adding Ms. Viltz as the rightful plaintiff to bring the property damage claims. No claim for property damages had properly been brought by a plaintiff with the right of action in the original petition.

Accordingly, the addition of Ms. Viltz and her claims against the DOTD after prescription on the property damage claims had run cannot relate back to the original petition for purposes of avoiding prescription. Appellants have failed to carry their burden in proving Ms. Viltz's claims against the DOTD were not prescribed on their face. We find no legal error in the trial court's judgment.

**DECREE:**

For the foregoing reasons, we affirm the trial court's December 17, 2019 Judgment, granting Louisiana Department of Transportation and Development's exception of prescription and dismissing Ms. Viltz's claims with prejudice. Costs are assessed to Appellants, Benjamin Meyers and Doreathea Viltz.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.